GRAY, Plaintiff in error, v. STATE, Defendant in error.

*No. State 11. Argued October 2, 1968.—Decided October 29, 1968.*
(Also reported in 161 N. W. 2d 892.)

The cause was submitted for the plaintiff in error on the brief of *Harley Brown* of Racine, and for the defendant in error on the brief of *Bronson C. La Follette,* attorney general, and *William A. Platz* and *Betty R. Brown,* assistant attorneys general.

ROBERT W. HANSEN, J. It is sometimes said in jest that an appellate court's reference to ". . . the learned trial judge" precedes a reversal of the trial court's reasoning and ruling. The suggestion is that trial judges, reading a reviewing court's salute to their learning, are likely to say, "Here comes the reversal." If we revived the phrase in this case, it would be only to acknowledge that a clear, concise and correct answer to each of the contentions of appellant is to be found in the memorandum decision of the trial judge in this case. Nothing new needs to be added. Nothing more remains that needs saying.

### Defective Complaint.

The facts as to the issuance of the complaint and subsequent proceedings are summarized by the trial court as follows:

"The complaint of (the complainant) returned to this court sets forth that she 'being duly sworn and examined on oath makes complaint' that Ronald Grey [Gray], and thereafter recites the offense. She signed the complaint, but the court commissioner only dated the jurat February 2, 1965 but did not sign the same. The return of Oscar M. Edwards shows that on February 2, 1965, (the complainant) was 'duly sworn and examined on oath', 'that she makes complaint' on February 2, 1965. Said return further shows that 'the said complainant was duly sworn and examined on oath, his [her] complaint reduced to writing and subscribed by him [her]' and 'complaint duly filed' and that the warrant issued thereon. The minutes of the proceedings of March 29, 1965 reveal that the defendant did on that day enter a plea of not guilty to the information which was filed the same day. He had been afforded a preliminary hearing on February 26, 1965. At arraignment before the Honorable Judge Howard J. DuRocher he was represented by counsel. No motions were made. The case went to trial on the merits on May 19, 1966."

On this record, the trial judge concluded:

"By entering his plea of not guilty at his arraignment, the defendant submitted to the jurisdiction of the county court over his person, no challenge having been made as to the sufficiency of the complaint. If the defendant relied upon the insufficiency of the complaint, he should have made his challenge before entering his plea."

The trial judge cites Wisconsin cases to support his ruling.[1] They do.

[1] *State ex rel. La Follette v. Moser* (1966), 30 Wis. 2d 56, 59, 139 N. W. 2d 632; *State ex rel. La Follette v. Raskin* (1966), 30 Wis. 2d 39, 45, 139 N. W. 2d 667; *State ex rel. Wojtycski v. Hanley*

*Alibi Testimony.*

At the trial defense counsel put the defendant's wife on the witness stand. Upon ascertaining that the intention of the defense was to establish an alibi, the trial court sustained the prosecution's objection to the question asked as to what time the defendant came home on the night of the alleged rape. The court ruling was based on sec. 955.07, Stats.[2] No reasons were given as to why the witness should be permitted to testify despite the lack of notice, and defense counsel withdrew her as a witness. Postconviction counsel argues that the alibi statute "was designed to prevent the sudden 'popping up' of witnesses to prove that the accused was not at the scene of the crime at the time of its commission,"[3] and that reports by police investigators eliminated any element of surprise by the proffer of alibi testimony. The trial judge correctly explained the intent and result of the alibi statute in these words:

"Knowledge of potential alibi witnesses, even if they have been checked out, will not insure fairness on trial if a defendant is permitted to bring them in, without notice, to create reasonable doubt about the testimony of the State's witnesses. The State may rely on the statute and not be forced to prepare its case and summon witnesses to disprove alibi in the absence of notice."

(1945), 248 Wis. 108, 20 N. W. 2d 719; *Kushman v. State ex rel. Panzer* (1942), 240 Wis. 134, 139, 2 N. W. 2d 862.

[2] "955.07. **Alibi to be pleaded.** In courts of record, if the defendant intends to rely upon an alibi as a defense, he shall give to the district attorney written notice thereof on the day of arraignment, stating particularly the place where he claims to have been when the crime is alleged to have been committed together with the names and addresses of witnesses to his alibi, if known to the defendant. In default of such notice, evidence of the alibi shall not be received unless the court, for good cause shown, shall otherwise order."

[3] *State v. Kopacka* (1952), 261 Wis. 70, 75, 51 N. W. 2d 495.

The trial court correctly adds "The court should consider in each case the situation presented as to whether the alibi witness may testify in the absence of notice." In this case, the court asked defense counsel who had represented the defendant at the preliminary hearing if there was any particular reason why the state was not notified of intent to offer alibi testimony and was told, "No, there is no reason." No good cause was shown for the failure to comply with the statutory requirement. As the trial court put it, "The court read the statute at length in open court, called attention to the good cause requirement, no good cause was shown, the witness was excused. While the record discloses that the court held itself open to receive evidence of good cause, nothing was offered sufficient to form a basis for the court to exercise its discretion at time of trial, nor does good cause exist to-day." On this record, the trial court properly excluded the alibi testimony because the required notice of alibi had not been given.[4]

### Failure to Disclose?

It is contended on this appeal that the district attorney failed to disclose to the court material facts and witnesses

[4] *State v. Selbach* (1955), 268 Wis. 538, 540, 68 N. W. 2d 37. "The language of the statute [sec. 955.07] is plain and unambiguous. Any notice given thereunder must be in writing. The defendant's attorney was one of his own choice. Whether good cause is shown for permitting the receipt of alibi testimony in the absence of a written notice is a matter within the discretion of the trial court. A review of the record does not indicate any abuse of discretion." In the case before us, the attorney who represented the defendant was also of defendant's choosing and an able, competent member of the bar. On appeal, successor counsel argues that "good cause . . . existed and . . . should have been brought to the attention of the court so it could exercise its discretion." It is clear that no cause, good or otherwise, was shown to the trial court at the time of its ruling.

favorable to the accused. The complaint is as to (1) witnesses that would have provided an alibi by placing the defendant elsewhere at the time of the alleged rape; (2) statements indicating inconsistencies in the account given by the prosecutrix.

Of the claim that the prosecution was required to present witnesses to establish an alibi for the defendant, the trial court observes:

"It is not possible to ascertain from the manner in which counsel argues whether he is faulting the court for not permitting alibi evidence to be introduced, over objection, in the face of the statutory requirement of good cause shown before the court may exercise its discretionary power, when none in fact was shown; or faulting the district attorney for not calling, as his own, witnesses to establish alibi for the defendant when the defendant gave no notice of intention to call such witnesses and the witnesses themselves were friends and the wife of the defendant. Either way we approach this argument is of no benefit to the defendant."

We agree. If the defendant, by failing to give written notice or make a showing of good cause for the exercise of court discretion, may not offer alibi testimony, he has no right to insist that the district attorney do for him what the statute prohibits his doing for himself. The decision as to whether an alibi defense is to be offered is up to the defendant to make. It is no responsibility of the district attorney to do for the defendant what the defendant has elected not to do for himself.

As to the "inconsistent statements and contradictions by the prosecutrix" the trial court in its memorandum decision examines each such asserted inconsistency and finds as to prosecutrix's statements on visiting a home and tavern on the evening involved "The inconsistency argued by counsel doesn't exist." Concerning her identification of the automobile involved, it was stated "The court can find no inconsistency." Concerning the cir-

cumstances of her entering the defendant's car, "defendant's counsel . . . has again not shown any inconsistency." Concerning the place of the assault, her statements "would in no way be inconsistent." Concerning her prior acquaintance with Billy Knight, who is also alleged to have raped the prosecutrix, the court found the differences to be ". . . a matter of semantics, not inconsistency." The court's analysis demolishes the defendant's complaints, brick by brick.

As to cases holding that due process is violated by the government's suppression of evidence through nondisclosure,[5] which were cited to the trial court and on appeal, the trial judge correctly finds them inapplicable to the situation here presented where: ". . . the witnesses were all available to the defendant, and . . . the names of witnesses were not only available to the defense attorney through the defendant, but also through the records of the district attorney's office which were available to him. Certainly the defendant never complained in any way that he was blocked from obtaining information from the State; the record does not disclose any request for information from the State." The defense attorney at the time of argument of his motion told the court "After I was appointed, I asked the district attorney to look at the file and he gave it to me." "There is no basis in this case for argument that the State withheld information of any kind requested by the defense." We agree. It appears clear, as the trial court in its decision states that: "There was no evidence unknown to the defendant which the district attorney had the duty to bring forth which might have led the court to entertain a reasonable doubt concerning the defendant's guilt."

[5] *Giles v. Maryland* (1967), 386 U. S. 66, 87 Sup. Ct. 793, 17 L. Ed. 2d 737; *Brady v. Maryland* (1963), 373 U. S. 83, 83 Sup. Ct. 1194, 10 L. Ed. 2d 215; *Levin v. Katzenbach* (D. C. Cir. 1966), 363 Fed. 2d 287.

## Sufficiency of Evidence.

Defendant failed to move the trial court to review the sufficiency of the evidence. In such a situation this court has stated that it will not review such a claim in the absence of special circumstances.[6] None are alleged. None are present. The issue of sufficiency of evidence is not properly before us. However, it should be noted that this particular claim returns to the theory on which the case was tried by the defense. In his memorandum decision, the trial court observed: "In this case . . . he [the defendant] was defended ably on the theory that the charge was not sustained on the theory of insufficient resistance to establish rape. . . ." On this issue of required resistance the trial court held: "The finding of the trial court on the question of resistance requirement is directly supported by *State v. Waters*." [7]

That case relates resistance to the circumstances and general situation prevailing, making the term "utmost resistance" a relative rather than a positive term, depending upon the particular victim and the particular circumstances. In the present case, the prosecutrix testified that she was driven to a place where the nearest houses were "a long ways from there," that the doors on the car were then locked, that she tried to get to the door to get away, that she was hit in the face and choked, that she was bruised and scratched, that she tried to kick and push away the first of two assailants, that she was scared and tired and afraid they were going to kill her, that she said to her attackers, "I have three little boys at home that will be orphans if anything happens to me." We conclude that she resisted to the utmost until resistance became entirely futile, that there

[6] *Okimosh v. State* (1967), 34 Wis. 2d 120, 148 N. W. 2d 652; *State v. Thompson* (1966), 31 Wis. 2d 365, 142 N. W. 2d 779; *State v. Van Beek* (1966), 31 Wis. 2d 51, 141 N. W. 2d 873.

[7] (1965), 28 Wis. 2d 148, 135 N. W. 2d 768.

was no consent or voluntary submission, that "the essential of the accomplishment of the act by force and against the will of the outraged party is fully satisfied." [8]

In his initial decision, the trial judge found: "The court believes in this instance that the record sufficiently demonstrates that the complaining witness did exert force to the utmost within her ability at the time in question." Appeal counsel complains that the trial judge then stated, "Her legs were held by Mr. Grey [Gray] and at times her arms were held." Appellant's brief contends that "this has nothing to do with the alleged act of Ronald Grey. It may have abetted Billy Fred Knight, but it was not part of the commission of the crime by Ronald Grey." If so severely compartmentalized an approach to the events of the three hours and four acts of intercourse involved, Ronald Gray would come closer to being guilty of two acts of rape, one committed by him, the other resulting from his aiding and abetting his partner than to exoneration. As to Gray's part in the Knight rape, the complainant testified that she kept pushing Knight away and "I don't know if I would have succeeded if Ronnie hadn't been around to help him, to grab ahold of my legs and pull him away and grab my hands and hold them, too . . . any opportunity he had to help Bill."

Defendant's brief concludes that "The testimony relative to this defendant alone was meager and insufficient to convict him." We find in the record strong and sufficient evidence linking the defendant, Ronald Gray, to the crime of rape. So, it is apparent that the defendant in this case loses nothing in our holding that the question of the sufficiency of the evidence to support the conviction is not properly before us at this time.

*By the Court.*—Order affirmed.

---

[8] *Bohlmann v. State* (1898), 98 Wis. 617, 620, 74 N. W. 343.