STATE EX REL. SIMOS, Petitioner, V. BURKE, Warden, Respondent.

*No. State 99. Argued November 27, 1968.—Decided December 20, 1968.*

(Also reported in 163 N. W. 2d 177.)

For the petitioner there was a brief and oral argument by *James H. McDermott*, state public defender.

For the respondent the cause was argued by *William A. Platz*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

ROBERT W. HANSEN, J. The trial court refused to allow the defendant to testify that he was somewhere else at the time of the accident because no notice of alibi had been filed pursuant to sec. 955.07, Stats., providing as follows:

"**Alibi to be pleaded.** In courts of record, if the defendant intends to rely upon an alibi as a defense, he shall give to the district attorney written notice thereof on the day of arraignment, stating particularly the place where he claims to have been when the crime is alleged to have been committed together with the names and addresses of witnesses to his alibi, if known to the defendant. In default of such notice, evidence of the alibi shall not be received unless the court, for good cause shown, shall otherwise order."

*Interpretation of Statute.*

Petitioner interprets this statute to bar, sans notice, only the alibi-corroborating testimony of witnesses other than the defendant himself. Within constitutional and jurisdictional boundaries, statutory construction is not before us on habeas corpus. Habeas corpus is not to serve as an appeal or writ of error. However, it is clear that the wording of the statute requires that no alibi testimony may be received in the absence of the required notice, not that no alibi testimony except that of the defendant is to be received. The parenthetical phrase, "together with the names and addresses of witnesses to his alibi, if known to the defendant" adds a supplementary requirement, but does not reach back to limit the requirement of notice as to any testimony of "an alibi as a defense."

It is certainly true, as petitioner contends, that a primary purpose of the notice of alibi statute is to ". . . prevent the sudden 'popping-up' of witnesses to prove that the accused was not at the scene of the crime at the time of its commission . . . ." [1] However, if that is all the legislature intended to guard against, the statute could and would have been worded to apply to alibi wit-

---

[1] *People v. Schade* (1951), 161 Misc. 212, 292 N. Y. Supp. 612, 617, cited in *State v. Kopacka* (1952), 261 Wis. 70, 75, 51 N. W. 2d 495.

nesses only, not to alibi testimony generally. The legislature went further to give to the state some protection against any last minute claim of alibi, requiring pretrial disclosure to give the state the opportunity to investigate and ascertain the facts as to an alleged presence of the defendant at a place other than the scene of the crime at the time of the crime.[2]

In a recent case, this court said:

"No written notice of alibi was served on the district attorney on the day of arraignment, September 24, 1963. By statutory mandate, therefore, no evidence of alibi was admissible at the trial 'unless the court, for good cause shown, shall otherwise order.'"[3]

Evidence of alibi must be read to mean any testimony placing the defendant somewhere else at the time of the crime.

*The Constitutionality of the Alibi Statute.*

The sharpest thrust of this petition is to the constitutionality of the Wisconsin notice of alibi statute on its face. The tines of the three-pronged attack are that the statute (1) abridges an accused's right to remain silent, (2) violates an accused's right to be heard in his own defense, and (3) violates an accused's right to compulsory process of witnesses in his own behalf.

## I. The Right to Remain Silent.

Petitioner submits that, if he had given the notice of alibi required by the statute, he would have sacrificed his right to remain silent in the face of accusation, a right

[2] " 'The State may rely on the statute [sec. 955.07, Stats.] and not be forced to prepare its case and summon witnesses to disprove alibi in the absence of notice.' " *Gray v. State* (1968), 40 Wis. 2d 379, 161 N. W. 2d 892.

[3] *Jensen v. State* (1967), 36 Wis. 2d 598, 602, 153 N. W. 2d 566, 154 N. W. 2d 769.

which embraces the right not to speak out in exculpatory fashion.[4] The contention is that any condition, however reasonable, constitutes an abridgment of the fifth amendment right.[5]

Procedural requirements, reasonable in nature, do not ipso facto constitute an abridgment of basic rights involved. Preconditions to the right to raise constitutional defenses in criminal cases are not unknown to the law. Legality of search and seizure must be raised by motion before trial or the trial court has discretion not to consider the question.[6] A plea of insanity is to be made at arraignment.[7] While a defendant has a constitutional right to compulsory process of witnesses in his behalf, he may be required to give reasonable notice of his desire.[8] Such procedural requirements have been upheld, provided they serve a legitimate public interest.[9]

The defendant here retains full freedom of choice to give notice of alibi or not. If he elects not to do so, that fact cannot be commented on at the time of trial. If he elects to do so and subsequently does not put the alibi into issue at the time of trial, the notice of alibi is not to be commented on at the time of trial.[10]

[4] *Hayes v. State* (1968), 39 Wis. 2d 125, 128, 134, 158 N. W. 2d 545.

[5] "No person shall . . . be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law . . . ." Fifth amendment, United States Constitution.

[6] *See Alston v. State* (1966), 30 Wis. 2d 88, 97, 98, 140 N. W. 2d 286; *State v. Hoyt* (1964), 21 Wis. 2d 284, 296, 128 N. W. 2d 645; and *State v. Luczaj* (1960), 9 Wis. 2d 199, 202, 203, 100 N. W. 2d 368.

[7] *See Datka v. State* (1954), 266 Wis. 124, 128, 62 N. W. 2d 420.

[8] *Dirring v. United States* (1965), 353 Fed. 2d 519, 520; *Washington v. Clemmer* (1964), 339 Fed. 2d 715; *Meeks v. United States* (1950), 179 Fed. 2d 319, 321.

[9] *Henry v. Mississippi* (1965), 379 U. S. 443, 85 Sup. Ct. 564, 13 L. Ed. 2d 408.

[10] *State v. Cocco* (1943), 73 Ohio App. 182, 55 N. E. 2d 430.

If he seeks to establish that he was elsewhere at the time of the crime, he must give notice of alibi at the arraignment to comply with the statute. If a criminal trial is viewed as a draw poker game with all cards to be held close to the chest until played, this can be seen as requiring a tipping of one's hand in advance. However, if a criminal trial is viewed as a search for the truth, with every protection provided for investigation and preparation and to insure against the conviction of the innocent, notice requirements forward the purpose of the process. Viewed thusly, the notice of alibi statute is not only justified as protecting the state from fraudulent, surprise defenses presented without time for investigation of their merits, but also as consistent with "The modern trend in discovery . . . to broaden access to material facts and reduce belated surprise." [11] We find no infringement or abridgment of the defendant's fifth amendment rights in the notice of alibi statute.

## II. *The Constitutional Right of the Defendant to Be Heard in His Own Behalf.*

The Wisconsin Constitution provides that "In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel . . . ." [12] The petitioner's claim is that a defendant wishing to give alibi testimony is denied the right to be heard, at least unless he has previously submitted the notice of alibi. Assuming the right of a defendant under either or both state and federal constitutions to testify as a witness in his own behalf, it does not follow that such right outlaws any and all procedural requirements or conditions as to notice.

[11] *State v. Stump* (1963), 254 Iowa 1181, 1198, 119 N. W. 2d 210; *See also Commonwealth v. Shider* (1966), 209 Pa. Super. 133, 224 Atl. 2d 802.

[12] Art. I, sec. 7, Wisconsin Constitution.

When any witness takes the stand, he swears or affirms that he will tell the truth, the whole truth and nothing but the truth. What is constitutionally protected is the right of a defendant to testify truthfully in his own behalf. An alibi is not one of several alternative defenses that can be simultaneously asserted. If what the statute terms an alibi is founded in truth and in fact, the defendant was not present to commit the offense charged. If this is the situation, the defendant suffers no prejudice by the requirement of advance notice of intention to establish such fact. If we are discussing the right of a defendant to defer until the moment of his testifying the election between alternative and inconsistent alibis, we have left the concept of the trial as a search for truth far behind. Where this situation was presented to this court,[13] we rejected the claimed right of a defendant to abandon the alibi of which he had given notice and substitute a new and different one at the time of trial.[14]

[13] ". . . by serving that notice upon the district attorney on August 18, 1950, Joseph Kopacka stated that at the time of the commission of the offense charged in the information he was 'moving furniture from Milwaukee, Wisconsin, to Waukegan, Illinois.' . . . The state relied upon that notice of alibi and as the result of such notice and the state's thorough investigation it was carefully and fully prepared to meet that alibi on the trial.

"However, on the trial defendant Joseph Kopacka testified that on October 26, 1949, when the burglary was committed he was moving furniture from his mother's home at 2322 North Teutonia avenue, Milwaukee, to 2306 West State street, Milwaukee, and he gave the names of the witnesses. Thus he sought to substantiate a new alibi without giving any previous notice thereof to the district attorney." *State v. Kopacka* (1952), *supra*, at page 73.

[14] "After Joseph Kopacka on August 18, 1950, gave the notice under sec. 355.07, Stats., to the district attorney as to the time and place where he claims to have been when the alleged crime was committed, etc., he could not, under the circumstances in this case, abandon that alibi on October 4, 1950, during his direct testimony on the trial, and thereby contradict the alibi which he had notified the state he intended to rely on." *Id.* at page 74.

Where there is even a pretrial change of alibi, this court has permitted cross-examination and introduction of the initial alibi notice as bearing upon an issue raised by the choice and change of mind of the defendant.[15] These decisions, and the statute on which they are based, do not limit in any way the right of a defendant to testify truthfully in his own behalf. The condition of prior notice as to alibi testimony, like the test as to materiality and relevancy, does not invade the right of a defendant to testify in his defense.

### III. *That the Constitutional Right of the Defendant to Compulsory Process for Witnesses in His Behalf Is Abridged.*

The Wisconsin Constitution provides that "In all criminal prosecutions the accused shall enjoy the right . . . to have compulsory process to compel the attendance of witnesses in his behalf." [16] It is clear that in this case the defendant did not attempt nor make any offer of proof as to calling corroborative alibi witnesses to the stand. While he is not entitled to press his claim that the statute violates his constitutional right to compulsory process for obtaining witnesses because he did not seek to call any such witnesses at the trial, we find no merit in the contention.

Petitioner cites a United States Supreme Court decision striking down a Texas statute preventing a defendant from calling as witnesses accomplices or accessories.[17] Such statute of absolute disqualification was held violative of the right of compulsory process of witnesses applicable to the states under the fourteenth

---

[15] *Welsher v. State* (1965), 28 Wis. 2d 160, 135 N. W. 2d 849.

[16] Art. I, sec. 7, Wisconsin Constitution.

[17] *Washington v. Texas* (1967), 388 U. S. 14, 87 Sup. Ct. 1920, 18 L. Ed. 2d 1019.

amendment.[18] However, the Texas statute constituted an absolute ban on certain categories of witnesses being called to testify by the defense. Such a statute of absolute ban is clearly distinguishable from a statute requiring only prior notice. In the case before us, the defendant himself determines whether an alibi witness may testify. If he gives the required notice, the witness may testify. If he elects not to give such notice, the witness may not testify.

State statutes requiring notice as to alibi have been generally upheld as constitutional.[19] In considering the challenge to the constitutionality of the Kansas notice of alibi statute which had been applied to prevent the defendant himself from testifying without notice, the Federal Court of Appeals for the tenth circuit stated:

"It [the notice of alibi statute] does not deny the accused the right to such a defense [alibi] but merely prescribes notice as a prerequisite thereto. The validity of such statute is generally upheld . . . we are satisfied that no constitutional right has been infringed." [20]

From the standpoint of the constitutional rights of this defendant, we find no constitutional right infringed or invaded. From the standpoint of the public policy as determined by the legislature, we find a legitimate public interest served by the statute. From the standpoint of the reasonableness of the procedural requirement involved, we would conclude that establishing an earlier

[18] Sec. 1 ". . . [N]or shall any State deprive any person of life, liberty, or property, without due process of law . . . ." Fourteenth amendment, United States Constitution.

[19] See *State v. George* (1966), 100 Ariz. 350, 414 Pac. 2d 730; *State v. Angeleri* (1968), 51 N. J. 382, 241 Atl. 2d 3, certiorari denied, 89 Sup. Ct. 372, 37 L. W. 3185; *Commonwealth v. Vecchiolli* (1966), 208 Pa. Super. 483, 224 Atl. 2d 96; *State v. Ovitt* (1967), 126 Vt. 320, 229 Atl. 2d 237.

[20] *Rider v. Crouse* (1966), 357 Fed. 2d 317, 318.

time than the trial itself for notice of alibi avoids mid-trial state motions for adjournment on the ground of surprise to permit investigation of alibi claims. The interests of the prosecution, defense and public are served by such facilitating of orderly, uninterrupted trials for the seeking of the truth and the protection of the rights of all concerned.

*Competence of Counsel.*

Finally, petitioner contends that, based solely on trial counsel's election not to give notice of alibi at the time of trial, we should find trial counsel incompetent and determine that defendant was denied his constitutional right to counsel at the time of trial. Petitioner's defense attorney at the trial was an experienced member of the bar, having practiced since 1950. Review of the record clearly establishes that trial counsel energetically fought for his client's interest, effectively cross-examined witnesses for the state, and eloquently pleaded for consideration in the sentencing phase of the case. The election not to give notice of alibi, standing alone, is not sufficient basis for finding that defendant was denied the effective assistance of competent counsel.

*By the Court.*—Petition for writ of habeas corpus denied.