James P. CANTILLON, Petitioner,

v.

SUPERIOR COURT OF the STATE OF CALIFORNIA, FOR the COUNTY OF LOS ANGELES; and Peter Pitchess, Co-Respondents;

People of the State of California, Real Party in Interest.

No. 69–1186.

United States District Court C. D. California.

Sept. 11, 1969.

---

2. Compare Agius v. United States, 5 Cir., 413 F.2d 915 (1969).

Cantillon & Cantillon, James P. Cantillon, Beverly Hills, Cal., for petitioner.

John D. Maharg, County Counsel, Michael H. Dougherty, Deputy County Counsel, Los Angeles, Cal., for co-respondents.

Evelle J. Younger, Dist. Atty. of Los Angeles County, Los Angeles, Cal., for real party in interest.

## ORDER GRANTING WRIT OF HABEAS CORPUS; AND WRIT OF HABEAS CORPUS

WHELAN, District Judge.

Petitioner, who seeks a writ of habeas corpus, is a member of the State Bar of California. On March 27, 1969, he appeared before the Superior Court of the State of California at the trial of the case of People of the State of California, Plaintiff, v. Herbert Breuer, Defendant, hereafter Breuer, which said action is No. A–105,907 in the records and files of the Los Angeles Superior Court; he was attorney of record for such defendant Breuer. Counsel were in the process of selecting a jury for the trial of the action; taking of evidence had not commenced.

Thereupon, the prosecution moved the Superior Court for an order requiring

petitioner herein to forthwith disclose to the prosecution the identity of the "alibi" witnesses "if any" that petitioner intended to produce as witnesses on behalf of defendant Breuer in such criminal trial. Petitioner objected to the granting of such order but the Superior Court judge presiding at such criminal trial ordered petitioner to forthwith disclose the identity of such witnesses, if any. The record discloses that the defendant at that point had not stated that he would rely on an alibi. Petitioner declined to comply with said order and was thereupon adjudged by the judge of the Superior Court presiding at such criminal trial to be in contempt of court and was ordered to be imprisoned by the Sheriff of Los Angeles County until petitioner complied with the order requiring such divulgence. Execution of the sentence for contempt was suspended so that petitioner might petition for a writ of habeas corpus to the courts of appeal of the State of California. Because of the delay attendant upon such course of action, and with the consent of the defendant, a mistrial of the criminal action was ordered.

Petitioner filed petitions for writ of habeas corpus successively with the California District Court of Appeal and the Supreme Court of the State of California. Each of the latter courts denied the petition for the writ. Thereupon petitioner filed his petition with this Court. Execution of his sentence has been stayed from time to time and his stay of execution expires on September 15, 1969. The writ must issue if the discovery order violates the constitutional rights of Breuer.

The reporter's transcript of the proceedings wherein petitioner was held in contempt have been filed with the Court. It appears from such transcript that when the prosecution made the motion for discovery before-mentioned, petitioner objected to the granting of the motion on several grounds: (1) that to require discovery would be in violation of the attorney-client privilege between himself and his client; (2) that

to require such discovery would be in violation of the Fifth Amendment rights of his client; and (3) in substance, that the requirement of discovery would constitute ineffective assistance of counsel to his client. He substantially sets forth the same grounds before this Court for his release on habeas corpus; in addition, he sets forth as grounds for his release that the order of the Superior Court sentencing him is depriving petitioner of his own liberty without due process of law.

■ It is clear that a lawyer can assert the Fifth Amendment privilege for his client in a judicial proceeding. United States v. Judson, 322 F.2d 460 (9th Cir. 1963). Thus, in this matter the real party in interest insofar as discovery procedures are concerned is Breuer, the defendant in the criminal proceeding.

It appears from the record that Breuer, who is charged in said action with forcible rape and burglary, at the time of his arrest refused to make any statement to the arresting or investigating officers; the offenses were charged according to the records in such case to have been committed on August 29, 1968.

The petition for habeas corpus has been submitted for decision after legal argument, both oral and written, by counsel for the parties, petitioner appearing in his own behalf.

■ Initially, the Court will treat of the contention of respondents that because petitioner is only in constructive custody of the Sheriff of Los Angeles County, he having been released on his own recognizance pending the execution of the sentence imposed upon him, habeas corpus is not available to him as a matter of law. Such is not the law as the use of habeas corpus is not restricted to situations in which the applicant is in actual physical custody. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285. The fact that petitioner is released on his own recognizance is of no significance; he will be

physically incarcerated after September 15, 1969, unless relief is granted to him by this Court. The type of custody imposed upon him is analogous to that of any person who is released on bail pending a hearing upon a petition for habeas corpus or to that of a person released on bond after being charged with being a deportable alien.

■ As their principal contention respondents claim petitioner cannot assert the Fifth Amendment privilege for his client for the reason that under the California judicially announced rule discovery in a criminal case is a "two-way street"; and that because California has accorded by judicial decision, and not by statute, wide latitude to a defendant in a criminal case to have pretrial discovery, the prosecution in a criminal trial "on balance" should have the same right by virtue of judicial decision to pretrial discovery from a defendant.

This Court is familiar with the decisions of the California courts as well as the decisions from other jurisdictions cited by respondents in support of their claim that the names of alibi witnesses can be obtained by pretrial discovery from a defendant in a criminal case.[1] This Court, however, respectfully is of the opinion that to require such discovery from this defendant is a violation of such defendant's Fifth Amendment right to remain silent when such attempted discovery is sought.

■ It may well be that those courts upholding the requirement that names of alibi witnesses must be given to the prosecution by a defendant do so because of the thought that an alibi is "an affirmative defense"; the majority opinion in the case of Jones v. Superior Court, *supra,* so seems to regard it. Regardless of whether it is entitled "an affirmative defense" or otherwise, this Court is of the opinion that the burden is still upon the prosecution to prove beyond a reasonable doubt that the defendant was present at the time and place of the crime of rape charged in the criminal proceeding against Breuer and thus that he was not at some other place at the time of the crime. Compare Notaro v. United States, 363 F.2d 169 (9th Cir. 1966), where the court dealt with the question of burden of proof in a situation where the issue of the "affirmative defense" of entrapment has fairly arisen. The latter court held properly that the government must prove under such circumstances beyond a reasonable doubt that the defendant was not trapped; likewise where the defense which we call "alibi" is raised, it is the burden of the prosecution to prove beyond a reasonable doubt that the defendant was present at the time and place of the crime charged, i. e., that he was not at some other place at that time. So regarded it would be error to require the defendant to state, prior to the time that his defense takes place during the trial, in effect that he intended to prove that he was not at the place of the crime at the time thereof, and to give any witnesses who might support such defense to the prosecution; such requirement would be a clear violation of the defendant's Fifth Amendment right to stand silent. To hold otherwise would be to permit the prosecution to receive the name of any witness that defendant intended to call to establish that defendant was not guilty of the crime charged.

1. The California Supreme Court case of Jones v. Superior Court, 58 Cal.2d 56, 22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R. 2d 1213 (1962), is distinguishable from the instant case. *Jones* held that such defendant could be compelled to divulge the names of witnesses who were going to testify to the fact of his impotency (he was charged with rape) and to make available to the prosecution reports and x-rays he intended to put into evidence to support this affirmative defense of impotency. However, in *Jones* the defendant had by way of affidavit in support of a motion for continuance stated that he had been impotent for a long time and that he needed extra time to gather his medical evidence in support of his claim of impotency. In the case at bar defendant Breuer has not stated he will rely on an alibi. *Jones* was decided before Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106.

While the case of Fowle v. United States, 410 F.2d 48 (9th Cir. 1969), is not concerned with any attempt at discovery by way of motion before the Court by the prosecution, it nevertheless considers the nature and scope of the Fifth Amendment privilege, and the logic of that decision would seem applicable to the case at bar. Certainly if, as is the law, a person after arrest may stand mute and refuse to answer any questions, it would seem most incongruous if he could not thereafter, either through himself personally or through his attorney, refuse to answer inquiries touching upon the nature of his defense until he has in fact begun his defense at trial.

The Court of Appeals for the First Circuit in Fagundes v. United States, 340 F.2d 673 (1965), in granting a defendant a new trial because, inter alia, the trial court allowed testimony that the defendant had not asserted his alibi when he was brought before a Commissioner, stated in language pertinent to the instant case and with respect to *Fagundes'* failure to assert his alibi when he appeared before a Commissioner: "He was well within his rights in not tipping his hand to the government by disclosing his defense before trial." (340 F.2d 673, 678.) This is not to mean that the defendant would have to disclose his defense at the beginning of the prosecution but only after the prosecution had rested.

It is interesting to note that in one of the cases cited by respondents in support of their contention that alibi statutes of other states are not unconstitutional, the court rendering such decision held that the defendant himself could not testify that he was at some place other than the scene of the crime at the time of the crime charged when he had not given prior notice of alibi to the prosecution.[2] The law does not require the defendant to say prior to the commencement of his defense at trial in effect that he was not at a particular place at a particular time any more than it requires a defendant to respond to questions after his arrest. No inference can be drawn against the latter defendant for failure so to respond. Fowle v. United States, 410 F.2d 48 (9th Cir. 1969). The alibi statutes by refusing to him the right to testify in his own behalf that he was not at the place of the offense at the time thereof without having given prior notice of alibi, to wit, that he was not at such place at such time, in legal effect require him to be a witness against himself before he takes the witness stand.

This Court agrees with the reasoning of Mr. Justice Peters, dissenting in the case of Jones v. Superior Court, 58 Cal.2d at pp. 62–68, 22 Cal.Rptr. 879, 372 P.2d 919 (1962). There Mr. Justice Peters meets the contention advanced herein by respondents to the effect that discovery in a criminal case is a "two-way street" binding upon the defendant as well as upon the prosecution, wherein he states at pages 64–65, 22 Cal.Rptr. at pages 884–885, 372 P.2d at pages 924–925, "The simple fact is that our system of criminal procedure is founded upon the principle that the ascertainment of the facts is a 'one-way street'. It is the constitutional right of the defendant, who is presumed to be innocent, to stand silent while the state attempts to meet its burden of proof, that is, to prove the defendant's guilt beyond a reasonable doubt. * * * While, of course, a criminal trial should be 'fair' to the prosecution as well as to the defense, it should not be forgotten that the defendant has additional constitutional and statutory rights not given to the prosecution. The right not to incriminate himself, the right to remain absolutely mute until a prima facie case has been established,

2. State ex rel. Simos v. Burke, (1968) 41 Wis.2d 129, 163 N.W.2d 177, 179. The State alibi statutes (California has none) substantially require the defendant in a criminal case a certain period of time before trial to give notice of alibi if he intends to claim the same and if requested in writing by the prosecution counsel so to do, thereupon to give the names of the proposed alibi witnesses.

the right to the presumption of innocence until proved guilty beyond a reasonable doubt, are a few of these rights that completely refute the 'oneway street' argument."

It is interesting to note that the Federal Rules of Criminal Procedure permit only limited discovery by the prosecution and then only upon a conditional basis. Rule 16(c) gives to the Court the ability to condition an order granting discovery to the defendant by requiring that the defendant permit the government to inspect and copy scientific or medical reports, books, papers, documents, tangible objects, which the defendant intends to produce at the trial and which are within his possession, custody or control upon a showing of materiality to the preparation of the government's case and that the request is reasonable. This is a far cry from the discovery here sought and allowed by the State Superior Court. Too, it is remembered that a proposed federal rule of criminal procedure requiring notice of alibi by the defendant was never adopted by the Supreme Court.

This Court, therefore, holds that to require petitioner to answer the questions with which we are concerned would constitute a violation of the Fifth Amendment rights of his client, the defendant Breuer, and that petitioner may assert such rights for his client.

█ Also, to require the petitioner to answer such questions would constitute an invasion of petitioner's client's right to effective assistance of counsel. Unless a person charged with a past crime can be assured of his right to freely consult with counsel and to give to his counsel any and all information concerning such defendant's complicity or lack of complicity in the crime charged, and of his right to have such counsel unable to divulge the conversations between them without his, the client's, permission, then the defendant cannot be said to have effective aid of counsel.

██ Furthermore, by asserting his Fifth Amendment privilege through petitioner, petitioner's client suffers a penalty for such silence in that petitioner cannot represent him as lawyer while incarcerated under the sentence for contempt. Furthermore, no other counsel could be substituted for petitioner's client in place of petitioner without finding himself in exactly the same position as petitioner now finds himself. In short, petitioner's client, by standing silent in not permitting any attorney he might have to comply with the discovery order, suffers a penalty,—he cannot have effective aid of counsel. "The Fourteenth Amendment secures against state invasion the same privilege that the Fifth Amendment guarantees against federal infringement—the right of a person to remain silent unless he chooses to speak in the unfetered exercise of his own will, and to suffer no penalty * * * for such silence." Malloy v. Hogan, 378 U.S. 1, at p. 8, 84 S.Ct. 1489, at p. 1493, 12 L.Ed.2d 653. In this context "penalty" is not restricted to fine or imprisonment. It means the imposition of any sanction which makes assertion of the Fifth Amendment privilege "costly". Spevack v. Klein, 385 U.S. 511, 515, 87 S.Ct. 625, 17 L.Ed.2d 574. The answering of the questions by petitioner would be a violation of the attorney-client privilege.

█ The logical extension of respondents' position would seem even to require that a defendant who is acting as his own lawyer in a criminal prosecution comply with a discovery order such as imposed here by the Superior Court. It is difficult, however, to believe that a court faced with such a situation would not rule that the Fifth Amendment rights of such a defendant would be violated by such an order. Thus, it would seem clear that the defendant acting as his own attorney could stand silent until the introduction of his own defense after the conclusion of the prosecution's case at trial. Certainly the right to effective assistance of counsel would be meaningless if a defendant's rights when he had counsel were any less than when he appeared in his own behalf.

**310**

It is therefore ordered that petitioner is entitled to a writ of habeas corpus, and

It is further ordered that he is discharged from custody and constructive custody and respondents are ordered to release him from such custody.