center
Vanessa A. HAILE et al., Plaintiffs,

v.

The SUPERIOR COURT OF the STATE OF DELAWARE, Defendant.

Civ. A. No. 74–168.

United States District Court, D. Delaware.

Jan. 13, 1975.

James P. D'Angelo and Edward T. Ciconte, Wilmington, Del., for plaintiffs.

Richard S. Gebelein, State Sol., Dept. of Justice, Wilmington, Del., for defendant.

Roger P. Sanders of Prickett, Ward, Burt & Sanders, Wilmington, Del., for amicus curiae.

Before ADAMS, Circuit Judge and STAPLETON and SCHWARTZ, District Judges.

## OPINION

STAPLETON, District Judge:

This action attacks the Delaware Guest Statute[1] as violative of the Equal Protection Clause of the Fourteenth Amendment. The plaintiffs are alleged to be poor members of minority groups who have been injured in automobile accidents while riding as non-paying passengers in Delaware. The sole defendant, The Superior Court of the State of Delaware, is alleged to be "the designated Delaware Trial Court, . . . responsible for enforcement of" the Guest Statute. The complaint alleges that the Supreme Court of Delaware has sustained the constitutionality of the challenged statute[2] and that when suits are commenced against the negligent drivers of the vehicles in which plaintiffs were riding, the Superior Court, following the mandate of the State's highest tribunal, will deprive plaintiffs of their right to equal protection of the laws in violation of the Civil Rights Act.[3] An injunction against enforcement of the statute by

the defendant is sought, as well as a declaratory judgment. A three-judge court was requested and convened.[4] Jurisdiction is asserted under 28 U.S.C. §§ 1331 and 1343.

■ The Court concludes that there is no "case" or "controversy" before it within the meaning of Article 3, Section 2, of the United States Constitution and that the complaint must be dismissed for want of jurisdiction.

For over 180 years it has been settled that the judicial power of federal courts is limited to the adjudication of actual controversies between parties having adverse interests. See Hayburn's Case, 2 Dall. 408 (1792). In the landmark case of Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911), the Supreme Court applied this principle in a case brought to test the constitutionality of a Congressional enactment. In that case, landowners attacked a federal law authorizing the Secretary of the Interior to convey property interests adverse to those of the plaintiffs. The suit was brought against the Attorney General of the United States pursuant to an enabling statute. In considering the validity of the enabling statute in light of the Attorney General's relationship to the matters at issue, the court held as follows:

. . . [The] judicial power, as we have seen, is the right to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction. The right to declare a law unconstitutional arises because an act of Congress relied upon by one or the other of such parties in determining their rights is in conflict with the fundamental law. . . . It is true the United States

1. 21 Del.C. § 6101(a), which provides:
No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident unless such accident was intentional on the part of such

owner or operator, or was caused by his wilful or wanton disregard of the rights of others.

2. Justice v. Gatchell, 325 A.2d 97 (Del.Supr. 1974).

3. 42 U.S.C. § 1983.

4. 28 U.S.C. §§ 2281, 2284.

is made a defendant to this action, but it has no interest adverse to the claimants. The object is not to assert a property right as against the government, or to demand compensation for alleged wrongs because of action upon its part. The whole purpose of the law [authorizing suit against the Attorney General] is to determine the constitutional validity of this class of legislation, in a suit not arising between parties concerning a property right necessarily involved in the decision in question, but in a proceeding against the government in its sovereign capacity, and concerning which the only judgment required is to settle the doubtful character of the legislation in question. Such judgment will not conclude private parties, when actual litigation brings to the court the question of the constitutionality of such legislation. . . .

\* \* \* \* \* \*

The questions involved in this proceeding as to the validity of the legislation may arise in suits between individuals, and when they do and are properly brought before this court for consideration they, of course, must be determined in the exercise of its judicial functions. For the reasons we have stated, we are constrained to hold that these actions present no justiciable controversy within the authority of the court, acting within the limitations of the Constitution under which it was created. . . .

More recently, the Supreme Court has reiterated the test of justiciability in similar terms in a declaratory judgment context:

Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

More specifically, the Supreme Court has observed in the context of an attack on the constitutionality of a statute:

No federal court . . . has "jurisdiction to pronounce any statute, either of a State or of the United States, void, because irreconcilable with the Constitution, *except as it is called upon to adjudge the legal rights of litigants in actual controversies."* (Emphasis by the court).

Golden v. Zwickler, 394 U.S. 103, 110, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969), *citing,* Liverpool, N.Y. & P.S.S. Co. v. Commissioners, 113 U.S. 33, 39, 5 S.Ct. 352, 28 L.Ed. 899 (1885).

While the rule requiring that the parties to litigation have a stake in its outcome is applied most frequently in cases where the plaintiff's standing is challenged, it remains true that federal courts lack jurisdiction in the absence of a defendant having an interest adverse to that of the plaintiff. *E. g.,* Moore v. Charlotte-Mecklenburg Board of Education, 402 U.S. 47, 91 S.Ct. 1292, 28 L. Ed.2d 590 (1971); Midland-Guardian of Pensacola, Inc. v. Carr, 425 F.2d 793 (5th Cir. 1970).

In the case presently before this Court, the Superior Court of the State of Delaware has no stake, monetary or otherwise in the outcome; it has no reason to defend. Plaintiffs do not challenge any practice or procedure established by Superior Court and it makes no difference whatever to the members of that Court whether or not they hereafter apply the Guest Statute to cases presently governed by it. Plaintiffs' claims are against individuals who are not parties to this lawsuit. Those claims can be adjudicated in a suit brought against those individuals in a court of competent jurisdiction. If defenses are asserted based upon a state statute which plaintiffs believe to be unconstitutional and that statute is otherwise found to be applicable, that court can pass upon the issue in the context of a concrete controversy between adverse parties, and an appeal will ultimately lie

to the United States Supreme Court in the event of a determination adverse to plaintiffs.[5]

The absence of adverse interests between the parties to this lawsuit is highlighted in the context of the plaintiffs' current motion for summary judgment. At oral argument, the Court noted that there well might be a dispute as to whether the challenged statute would act as a bar to recovery on the facts of these particular cases; the drivers, for example, might ultimately be found to have exercised due care or to have been guilty of "willful and wanton disregard of the rights of others", in either of which events the constitutional question would never be reached. Plaintiffs' counsel responded that undisputed affidavits of record aver that the drivers were guilty of ordinary negligence. The Superior Court, however, has no incentive whatever to file affidavits regarding the existence or degree of negligence.

The Court has found no case which would suggest that it has jurisdiction to adjudicate this case. The Superior Court of the State of Delaware is not charged with the enforcement of Delaware's Guest Statute in the same way that a state's Attorney General or prosecutor is charged with the enforcement of the state's regulatory schemes or criminal laws.[6] In the present context, its charge is not to act in an administrative capacity [7] or to implement judicially established procedures.[8] Rather, its charge is to function as a neutral decision maker when conflicting rights are asserted.[9]

Finally, this case is unlike those in which a court is made a formal party but there are real parties in interest before the Court to present both sides of a controversy.[10]

Plaintiffs seek an opinion on the constitutionality of a state statute in a non-adversary context. The Court is without power to grant the relief sought. The complaint will be dismissed for want of jurisdiction.[11]

---

5. 28 U.S.C. § 1257(2).

6. Compare, e. g., Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

7. Compare, e. g., Huffman v. Montana Supreme Court, 372 F.Supp. 1175 (D.Mont. 1974) (court sued as the administrator of state system regulating the practice of law).

8. Compare, e. g., Conover v. Montemuro, 477 F.2d 1073 (3rd Cir. 1973) (challenge to constitutionality of court-established "intake" procedure in juvenile proceedings).

9. This is not a case in which a judicial officer is charged with having departed from his neutral judicial role and engaged in a conspiracy to deny equal protection. See, e. g., O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). In such a context, the judicial officer has an interest in defending the suit which is not present here.

10. Compare, e. g., Will, U. S. District Judge v. United States, 389 U.S. 90, 88 S.Ct. 269 (1967) (mandamus action); Cantillon v. Superior Court, 305 F.Supp. 304 (C.D.Cal. 1969) (habeas corpus proceeding where petitioner had been held in contempt); Steele v. Superior Court of California, 164 F.2d 781 (9th Cir. 1948) (suit to compel removal of criminal case to federal court under 28 U.S. C. § 74).

11. While the Court concludes that plaintiffs' request for the convening of a three-judge court was improvidently granted, it is unnecessary to go through the step of dissolving the three-judge court before dismissal. Appeal will be to the Court of Appeals in any event. Cf. Gonzalez v. Automatic Employees Credit Union, 419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974).