**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Curtis HIBBARD, Defendant and Appellant.**

**No. 12431.**

Supreme Court of South Dakota.

Argued Oct. 12, 1978.

Decided Dec. 29, 1978.

Kevin F. Manson, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Peter H. Lieberman, Asst. Atty. Gen. Pierre, on brief.

John J. Delaney of Kellar, Kellar, Fuller & Amundson, Lead, for defendant and appellant.

WOLLMAN, Chief Justice.

Appellant appeals from a conviction of fourth degree burglary upon which he was sentenced to three years in the South Dakota Penitentiary. We reverse.

Upon returning to her home near Sturgis, South Dakota, in the early afternoon on September 23, 1977, Mrs. Debra Schwartz noticed an automobile parked in her driveway. She observed two men run from behind the house and enter the automobile. She did not recognize these men and followed the car for a distance, attempting unsuccessfully to read the license plates. She then notified the Sturgis Police Department that she had seen two men leaving her house and that the men had left in a dark green Mustang automobile that had front end damage and carried Florida license plates. Upon returning to her home, Mrs. Schwartz discovered that the house had been broken into and ransacked. The next morning she reported that a 110 Instamatic camera, her husband's wedding ring and some other items had been taken from the home.

Some forty minutes after Mrs. Schwartz reported the incident to the police appellant was arrested while driving towards Rapid City on Interstate 90 in his dark green Chevrolet Camero bearing Florida license plates. Appellant's automobile showed front end damage. Appellant's companion in the car was also arrested. A search warrant was issued and appellant's car was searched. Found among the contents of the car was an Instamatic camera similar to the one reported missing by Mrs. Schwartz. Film taken from the camera found in appellant's car was processed by a commercial film developing studio in Rapid City and produced pictures of the Schwartz home and family. These photographs were introduced as evidence of the identity of the camera over strong objection by appellant.

Appellant learned the day before trial that his companion had left the jurisdiction, and on the morning of trial appellant informed his counsel that he wished to present evidence of an alibi to establish that he was not at the scene of the crime. The trial court ruled, pursuant to SDCL 23–37–5,[1] that appellant could present no such evidence.

■ Appellant's first contention is that SDCL 23–37–5, South Dakota's alibi-notice statute, was improperly applied to deny him the opportunity to testify that at the time the crime occurred he was not in the vicinity of the crime scene. When appellant learned that his partner had jumped bail he concluded that the broken bonds of friendship no longer required him to cover up for his ex-friend. As pungently stated by appellant during a chambers conference: "Ten days ago I didn't know the son-of-a-bitch was leaving, with all due respect." According to his offer of proof, appellant would have testified that his partner had the car on the afternoon in question and that when the latter picked appellant up he indicated that he needed to get to Rapid City in a big hurry. Appellant also stated that he drove seventy to eighty miles per hour on the interstate and was subsequently stopped by the highway patrol. Appellant claimed to have two witnesses to back up his story.

It is clear that the statute in question forbids the testimony of these witnesses absent proper notice. It is much less clear that the statute forbids a defendant from testifying in his own behalf, absent his com-

1. SDCL 23–37–5 provides:

    If the defendant in a criminal action proposes to rely in any way on alibi evidence, he shall, not less than ten days before the trial of the case, file and serve upon the court and state's attorney a written notice of his purpose to offer such evidence, which notice shall state specifically the place or places where the defendant claims to have been at the time or times of the alleged offense together with the name and residence or business address of each witness upon whom the defendant intends to rely for alibi evidence. If the defendant fails to file and serve such notice, he shall not be permitted to introduce alibi evidence at the trial of the case unless the court for good cause orders otherwise.

    As used in this section, "alibi evidence" means evidence that the defendant in a criminal action was, at the time of commission of the alleged offense, at a place other than the place where such offense was committed.

pliance with the notice provisions, when he intends to say that he was not in the vicinity of the crime scene at the time the crime was committed.

As a general matter it has been held that such statutes are constitutional if they provide reciprocal discovery rights to a defendant concerning the state's rebuttal case. In *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446; and in *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82, the United States Supreme Court held statutes of this type constitutional. Neither of these decisions answer the question now before this court. See also *State v. Stump*, 254 Iowa 1181, 119 N.W.2d 210; *State ex rel. Simos v. Burke*, 41 Wis.2d 129, 163 N.W.2d 177.

The problem arises because of an inherent conflict between the right of a criminal defendant to testify in his own behalf and the statutory requirement of prior notice before exercising this right when such testimony constitutes an alibi. Under the common law, a criminal defendant had no right to testify. Competency of the accused to testify was first declared in Maine in 1864, and has now been accomplished in all United States jurisdictions. This rule was not adopted in England until 1898. *Hughes v. State*, Alaska, 513 P.2d 1115.

The South Dakota Constitution, Article VI, Section 7, guarantees a criminal defendant the right to "defend in person and by counsel." SDCL 23–44–1 provides that the person charged shall at his own request be a competent witness. A conflict occurs between the above-cited provisions and the language in SDCL 23–37–5 that conditions a defendant's right to introduce alibi evidence upon his filing and serving written notice of his intention to introduce such evidence. A similar statutory conflict was addressed in *People v. Rakiec*, 289 N.Y. 306, 45 N.E.2d 812, and was decided by the New York Court of Appeals in favor of defendant's right to testify. The New York statute, New York Code Cr. Proc. § 295–*l*, addressed itself to witnesses upon whom the defendant intended to rely to establish his alibi, and the New York court concluded

that the term "witnesses" did not include a criminal defendant. In *People v. Merritt*, 396 Mich. 67, 238 N.W.2d 31, the Supreme Court of Michigan decided to follow the reasoning of the New York court and held that the statute in question did not apply to testimony by the defendant. It is instructive to note that the Michigan statute, M.C. L.A. § 768.21, addressed itself to evidence, as does SDCL 23–37–5.

The courts addressing this question do not, however, speak in a unanimous voice. In *Simos v. Burke*, supra, the Wisconsin Supreme Court, construing W.S.A. 955.07, a statute very similar to SDCL 23–37–5, concluded that in the absence of compliance with the alibi-notice statute all evidence, including defendant's testimony, could be excluded. The court determined that defendant had a constitutionally protected right to testify truthfully and that the alibi-notice statute does not limit in any way the right of a defendant to so testify.

■ We conclude that the result reached in *People v. Rakiec* and *People v. Merritt*, supra, represents the better view, for as noted by the Iowa Supreme Court in *State v. Stump*, supra, the rationale for excluding testimony of witnesses other than defendant does not apply when addressed to defendant. Alibi evidence is particularly susceptible of fabrication; therefore, the state has a legitimate interest in not being surprised at trial with a parade of witnesses avowing that defendant was not at the scene of the crime. *Williams v. Florida*, supra. By being apprised of the names and addresses of these witnesses well in advance of trial the state has an opportunity to investigate the credibility of these witnesses and the reliability of their testimony. With respect to a defendant, however, the state already has the burden of proving beyond a reasonable doubt that he was at the crime scene during the time in question. The optimistic defendant who hopes to convince the jury through his own unsupported testimony that he was not in the vicinity of the crime has sufficient credibility problems to offset any disadvantage to the state resulting from surprise. Accordingly, we con-

clude that the trial court erred in denying appellant the opportunity to testify concerning his whereabouts at the time the crime occurred.

Because, no doubt, the same question will arise on retrial, appellant's contention concerning alleged misstatements made in the affidavit in support of the search warrant will be discussed.

■ Appellant attacks the affidavit in support of the search warrant issued for a search of appellant's automobile, contending that the affidavit contained misstatements. The affidavit, set forth in the margin,[2] does contain inaccuracies. First, it indicates that Mrs. Schwartz identified the vehicle as a green Camero, whereas in fact she identified it as a Mustang. Second, it states that Mrs. Schwartz informed the law enforcement authorities that the vehicle was headed south on Interstate 90, whereas she in fact stated that the vehicle was headed towards Interstate 90. Finally, the affidavit states "[t]hat Debra Schwartz identified both young men as the men who had been leaving her home by the clothing they were wearing," whereas Mrs. Schwartz could not identify the men but did identify

2. The affidavit in question provided the following information. (Italicized material alleged by appellant to be false).

Terry Rose, after first being duly sworn upon his oath, deposes and says:

That he is a law enforcement officer employed by the Meade County Sheriff's Office and that he is a Deputy Sheriff.

That on September 23, 1977, at approximately 2:00 o'clock p.m., the home of Mr. and Mrs. Lowell Schwartz was burglarized and the following items were found to be missing by Mr. and Mrs. Schwartz:

1. a pocket size camera with a brown case;
2. a checkbook with checks inside which are possibly personalized with the name of Lowell or Debbie Schwartz;
3. a man's Black Hills gold ring;
4. a man's silver wedding ring with three diamonds on the ring.

That on September 23, 1977, at approximately 2:00 o'clock, Debra Schwartz saw a vehicle parked outside of her home located at the Bluxberg Mountain Estates, one mile south of Sturgis, in Meade County, South Dakota, the vehicle is described as a green *camero* with damage to the front end with Florida plates. Moments after seeing this vehicle outside of her house she saw two men leave from the direction of her house, jump into the vehicle and leave. Debra Schwartz then contacted law enforcement authorities and indicated to them that the vehicle was headed *south on* Interstate 90. Subsequently law enforcement authorities notified by radio other agencies in Meade and Pennington County and a description of the above vehicle was given. Approximately twenty (20) minutes after Debra Schwartz called in, a vehicle described as a green camero with damage to the front end and Florida plates was stopped near Rapid City at Exit 44 on Interstate 90 by Highway Patrolman John Horton. That the said Highway Patrolman arrested the driver of the vehicle for speeding and then brought them to the Pennington County Jail as possible suspects on the burglary of the home of Lowell and Debra Schwartz. The two men in the said vehicle were identified as Charles Young and Curtis Hibbard. That the said vehicle is registered to Curtis Hibbard.

That shortly after Charles Young and Curtis Hibbard were taken to the Pennington County Jail, Lowell and Debra Schwartz were transported to the Pennington County Jail to determine if they could identify the two young men as the persons that Debra Schwartz had seen leaving her home. *That Debra Schwartz identified both young men as the men who had been leaving her home by the clothing they were wearing.* That Debra Schwartz further identified the green camero with the damaged front end with Florida plates as the vehicle that she had seen parked next to her house and in which the two young men left in. That your Affiant examined the above described car and it is accurately described as a green camero with some damage to the front end with Florida license plate number 17–38813. The vehicle identification number is 124870N501679.

That Affiant has probable cause to believe that the items described above which were missing from the home of Lowell and Debra Schwartz are in the above described camero vehicle.

WHEREFORE, your Affiant requests that the Court issue a search warrant directing that a search be made of the green camero vehicle with some damage to the front end with Florida license plate number 17–38813, and vehicle identification number 124870N501679. Said search to take place in the daytime. Also said search to take place at the Pennington County Jail where the vehicle is presently impounded.

Dated this 27th day of September, 1977. Officer Rose testified at the suppression hearing that he did not know how the misstatements came to be in the affidavit, nor could he recall the source of much of the information in the document.

some clothing that appellant and his partner had been wearing at the time of their arrest.

The United States Supreme Court has recently addressed the matter of allowing a criminal defendant to attack the veracity of an affidavit in support of a search warrant. In *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667, decided June 26, 1978, the Court held:

[T]hat, where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit. 438 U.S. at 155, 156, 98 S.Ct. at 2676, 2677, 57 L. Ed.2d at 672.

Following the hearing on appellant's motion to suppress the fruits of the search, the trial court stated from the bench that the affidavit absent the conflicting testimony provided a reasonable basis for issuing the search warrant. We agree.[3] Accordingly, the trial court did not err in refusing to suppress evidence seized under the search warrant in question.

In view of the disposition of this case, appellant's remaining contentions will not be addressed.

The judgment of conviction is reversed and the case is remanded for a new trial.

DUNN and PORTER, JJ., concur.

ZASTROW and MORGAN, JJ., concur in part and dissent in part.

MORGAN, Justice (concurring in part, dissenting in part).

I concur in part and dissent in part.

I concur in the majority opinion up to the point of adopting *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), but on that point in the instant case I dissent. I prefer the more recent holding of the California Supreme Court in *People v. Cook,* 22 Cal.3d 67, 148 Cal.Rptr. 605, 583 P.2d 130, opinion filed September 8, 1978,[1] which distinguished the case of deliberate falsehoods by the affiant. Applying the maxim "falsus in uno, falsus in unomibus" the California Supreme Court held that excision of deliberate falsehoods does not leave the remaining allegations unaffected because the court cannot presume the remainder to be true. The court went on to hold: "Lacking a reliable factual basis in the affidavit, the court has no alternative under settled constitutional principles but to quash the warrant and exclude the products of the search." 148 Cal.Rptr. at 616, 583 P.2d at 141.

In this case, although the trial court excised the questioned portions as noted in the majority opinion, he did not indicate whether he considered the statements deliberate falsehoods or merely in reckless disregard for the truth. Considering the statements as detailed in the majority opinion, I would hold them to be deliberate falsehoods and direct the trial court upon remand to enter an order of suppression.

I am hereby authorized to state that Justice Zastrow joins in this concurrence in part and dissent in part.

---

**3.** The trial court directed that findings of fact and conclusions of law be drawn to reflect his ruling on the motion to suppress the evidence seized in the search; however, such findings, if drawn, were not included as part of the settled record in this Court.

**1.** The California Court acknowledged *Franks v. Delaware,* supra, but held that it afforded less protection than is guaranteed under California Law.