STATE OF IOWA, complainant-appellee, v. ELLEN VISSER et al., appellants.

No. 49168.

(Reported in 88 N.W.2d 925)

MARCH 11, 1958.

Life & Davis, of Oskaloosa, for appellants.

Garold F. Heslinga, County Attorney, and Charles H. Scholz, County Attorney, both of Oskaloosa, for appellee.

HAYS, J.—While for all practical purposes the issues here presented are moot, we will briefly consider them.

Under a juvenile complaint, Ellen Visser, then age 16, and her sister, Mary Louise, then age 11, were, on July 12, 1956, found to be dependent and neglected children, under section 232.2, Code, 1954, and immediately committed to the State Juvenile Home at Toledo, Iowa. Ellen is now past the age of retention, section 244.7, Code, 1954, and Mary Louise, so we are told by counsel, is now in a private home as authorized by section 244.10, Code, 1954.

While the chief controversy at the trial was the right of the mother to retain custody of these children, the thing most strongly stressed on this appeal is that this court lay down a hard and fast rule as to just what is meant by a "dependent and neglected child." Chapter 232, Code, 1954, entitled "Care of neglected, dependent, and delinquent children" was enacted more for the purpose of assisting unfortunate children than for punishing them. In classifying those who were intended to be deemed dependent and neglected the legislature named six specific circumstances, any one of which, if found to exist, would warrant such a classification. Apparently realizing the futility of attempting to formulate a specific meaning of the term to the exclusion of all others, a course that often might defeat the purpose of the chapter, it enacted section 232.2(7). This is as

follows: "The term 'dependent child' or 'neglected child' shall mean any child who, for any reason: * * * (7) Is living under such other unfit surroundings as bring such child, in the opinion of the court, within the spirit of this chapter." Any child living under conditions, though not specifically named, which shock the conscience of the Chancellor may be so classified. It has wisely placed the answer to the question in the judicial discretion of the court. In matters of discretion, only where there appears to have been an abuse thereof will this court interfere. Svoboda v. Svoboda, 245 Iowa 111, 60 N.W.2d 859; York v. York, 246 Iowa 132, 67 N.W.2d 28; Rahn v. Cramer, 249 Iowa 116, 120, 85 N.W.2d 924. We think under section 232.2(7) the same rule applies.

There is no specific showing in the record that the mother of these two girls has physically abused them, their father died some years ago, nor does it appear that they have lacked suitable food and clothing. However, it appears quite conclusively that their home consisted of four rooms; that it is occupied by a man named Long with whom their mother was living though not married to him. They slept in one of the bedrooms. Long has a son about eighteen who spends some week ends in the home. The girls have a brother, also about eighteen years old, who lives in the home. He sleeps on a cot in the bedroom occupied by the girls except when the Long boy is there. At such times the Long boy uses the cot in the girls' room and the brother sleeps in the living room on a davenport. The trial court found, based primarily upon the above facts, that they are dependent and neglected.

We think the instant situation comes within the broad field intended by section 232.2(7). Its solution rested largely within the discretion of the trial court. In the exercise thereof we find no significant abuse and feel that by the decision made, the welfare of the two girls was uppermost in the court's mind. The judgment of the trial court should be and is affirmed.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.