Argued December 6, 1960, reversed and remanded
January 25, 1961

## STATE OF OREGON *v.* HARMON

358 P. 2d 1048

*Oscar D. Howlett,* Deputy District Attorney, Portland, argued the cause for appellant. With him on the brief was Charles E. Raymond, District Attorney, Portland.

*Thomas J. Curran,* Portland, argued the cause and submitted a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

## O'CONNELL, J.

■ Defendant was indicted for the crime of contributing to the delinquency of a minor in violation of ORS 167.210. The indictment specifically charged the defendant with the act of sexual intercourse with an unmarried female child under the age of 18 years. A demurrer to the indictment was interposed on the ground that the statute under which defendant was indicted (ORS 167.210) is unconstitutional in that it denies defendant the equal protection of the laws under both the United States and Oregon Constitutions. U. S. Const. amend. XIV, § 1; Or. Const. art. 1, § 20. The demurrer was sustained and the indictment was dismissed. The state appeals.

The statute under which defendant was indicted reads as follows:

> "*167.210  Causing  or  contributing  to  delinquency of child.* When a child is a delinquent child as defined by any statute of this state, any person responsible for, or by any act encouraging, causing or contributing to the delinquency of such child, or any person who by threats, command or persuasion, endeavors to induce any child to perform any act or follow any course of conduct which would cause it to become a delinquent child, or any person who does any act which manifestly tends to cause any child to become a delinquent child, shall be punished upon conviction by a fine of not more than $1,000, or by imprisonment in the county jail for

a period not exceeding one year, or both, or by imprisonment in the penitentiary for a period not exceeding five years."

A companion statute defining the crime of causing a child to become a dependent child is ORS 167.215 which reads as follows:

"*167.215 Causing child to become or remain dependent.* Any person who wilfully does any act which causes or tends to cause any child under the age of 18 years to become a dependent child, as defined by any statute of this state, or to live and conduct himself so as to be or remain a dependent child, shall be punished upon conviction by a fine of not more than $1,000, or by imprisonment in the county jail for a period not exceeding one year, or both."

The penalty prescribed for the violation of ORS 167.210 is "a fine of not more than $1,000, or by imprisonment in the county jail for a period not exceeding one year, or both, or by imprisonment in the penitentiary for a period not exceeding five years." A violation of this statute is a felony, at least if conviction is followed by a sentence of imprisonment in the penitentiary. ORS 161.030 (2). The penalty for the violation of ORS 167.215 is "a fine of not more than $1,000, or by imprisonment in the county jail for a period not exceeding one year, or both." A violation of this statute is a misdemeanor only. ORS 161.030 (3).

It will be noted that in each case the statute is made applicable to a delinquent or dependent child, as the case may be, "as defined by any statute of this state." Prior to the enactment of chapter 432 of Oregon Laws 1959, the definition of a delinquent child and

a dependent child were found in ORS 419.502, which read as follows:

"*419.502 Definitions.* (1) 'Delinquent child' includes any child under the age of 18 years who violates any law of this state or any city or village ordinance, or who is incorrigible, or who is a persistent truant from school, or who associates with criminals or reputed criminals, or vicious or immoral persons, or who is growing up in idleness or crime, or who frequents, visits, or is found in any disorderly house, bawdy house or house of ill fame, or any house or place where fornication is enacted, or in any saloon, barroom or drinking shop or place, or any place where spirituous liquors, or wine, or intoxicating or malt liquors are sold at retail, exchanged or given away, or who patronizes, frequents, visits or is found in any gaming house, or in any place where any gaming device is or shall be operated.

"(2) 'Child dependency,' 'dependent children' and 'neglected children,' unless otherwise required by context, have the meaning given those terms by ORS 419.102." [①]

---

[①] *419.102 "Child dependency" defined; persons classed as dependent and neglected children; duty of courts and officers.* (1) "Child dependency" is defined as follows:

(a) Persons of either sex under the age of 18 years, who for any reason are destitute, homeless, or abandoned; or are dependent upon the public for support; or have not parental care or guardianship; or who are found begging or gathering alms; or are found living with any vicious or disreputable persons; or whose home by reason of neglect, cruelty, drunkenness, or depravity on the part of parents, guardians, or other persons in whose care they may be is an unfit place for such children; any persons under 14 years of age who are found peddling or selling any article, except as permitted under special child labor regulations; or persons under 14 years of age who are found playing musical instruments upon the streets to induce the giving of gratuities, or who accompany or are used in aid of adult persons in so doing, shall be classed as dependent children.

(b) Persons of either sex under 18 years of age whose parents or guardians neglect or willfully fail to provide for them; or allow them to have vicious associates, or to visit vicious places; or fail to exercise proper parental discipline and control over them are classed as neglected children.

(2) Courts and other public officers shall labor with the parents or guardians of such children, and if possible induce them to perform their neglected duties. Subsequent to suitable efforts to compel the parents or guardians to rectify said neglect, and in event of the failure of such efforts, neglected children shall be classed as dependents.

When the new juvenile code was adopted in 1959 ORS 419.502 was repealed and ORS 419.476 was enacted. ORS 419.476 reads as follows:

"*419.476 Children within jurisdiction of juvenile court.* (1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation of a law or ordinance of the United States or a state, county or city; or

"(b) Who is beyond the control of his parents or other person having his custody; or

"(c) Whose behavior or condition is such as to endanger his own welfare or the welfare of others; or

"(d) Whose parents or other person having his custody have abandoned him, failed to provide him with the support or education required by law, subjected him to cruelty or depravity or failed to provide him with the care, guidance and protection necessary for his physical, mental or emotional well-being; or

"(e) Who has run away from his home.

"(2) The provisions of subsection (1) of this section do not prevent a court of competent jurisdiction from entertaining a civil action or suit, involving a child."

At the same session of the legislature ORS 419.101 was enacted:

"*419.101 Definitions for ORS 419.102 to 419.140.* As used in ORS 419.102 to 419.140, unless the context requires otherwise:

"(1) 'Agency' includes agency, society or institution.

"(2) 'Child delinquency,' 'delinquent child,' 'child dependency' and 'dependent child' mean a person under 18 years of age whose conduct or condition is such as to fall within the provisions of

paragraphs (a) to (e) of subsection (1) of ORS 419.476."

Thus the reference in ORS 167.210 to the definition of a delinquent child "by any statute of this state" leads us first to ORS 419.101 which in turn refers us to ORS 419.476. But ORS 419.476 does not expressly designate which of the paragraphs of the section are to be regarded as the definition of a delinquent child and which are to be regarded as the definition of a dependent child.

The lower court sustained the demurrer to the indictment on the ground that because ORS 419.476 does not explicitly distinguish between "dependent" and "delinquent" children, the acts prohibited by ORS 167.210 (contributing to delinquency) are the same as the acts prohibited by ORS 167.215 (causing dependency) and consequently the district attorney or the grand jury is left with the power to arbitrarily charge either a felony or a misdemeanor simply by selecting the particular statute under which to proceed. The case of *State of Oregon v. Pirkey*, 203 Or 697, 708, 281 P2d 698 (1955) is relied upon to support this contention. In that case it was held that a "statute which purports to vest in a grand jury or magistrate the unguided and untrammeled discretion to determine whether a defendant shall be charged with a felony or a misdemeanor, is unconstitutional."

*State v. Pirkey,* supra, would be controlling in the present case if the assumption was well taken that ORS 419.101 and ORS 419.476 when read together abolish the legal distinction between dependent and delinquent children. But we do not so read these statutes. It is obvious in reading ORS 419.476 that paragraphs (a) (b) (c) and (e) describe a delinquent child and that paragraph (d) describes a dependent child.

Unless some other statute or a rule of statutory construction precludes the recognition of this obvious distinction, it must be recognized, and if it is so recognized there is no opportunity for the district attorney or the grand jury to decide arbitrarily which of the two statutes (ORS 167.210 or ORS 167.215) shall be used as a basis for charging a person with a crime.

■ Apparently the trial judge felt that since ORS 419.101 combines both the term "delinquent child" and "dependent child" in making reference to ORS 419.476, the distinction between the two terms was not intended to be preserved. That is a possible construction of the statute, but the judiciary is not entitled to adopt it if another construction is reasonable which will uphold the constitutionality of the statute. *Ashwander v. Valley Authority*, 297 US 288, 348, 56 S Ct 466, 80 L Ed 688 (1936); *Crowell v. Benson*, 285 US 22, 62, 52 S Ct 285, 76 L Ed 598 (1932); *United States v. Delaware & Hudson Co.*, 213 US 366, 407-408, 29 S Ct 527, 53 L Ed 836 (1908); *Wright v. Blue Mt. Hospital Dist.*, 214 Or 141, 144, 328 P2d 314 (1958); *Fed. Cartridge Corp. v. Helstrom*, 202 Or 557, 565, 276 P2d 720 (1954); *City of Portland v. Goodwin*, 187 Or 409, 416, 210 P2d 577 (1949).

An indirect aid in construing ORS 419.476 may be derived from the provisions of ORS 419.509. ORS 419.509 specifies the grounds upon which a child may be committed to an institution for secure custody. The grounds specified are those set forth in paragraphs (a), (b) and (c) of subsection (1) of ORS 419.476, plus a fourth ground that the child be a persistent runaway; the last mentioned ground is substantially identical to paragraph (e) of subsection (1) of ORS 419.476. Thus, ORS 419.509 in specifying grounds for placing of children requiring secure custody in training insti-

tutions provides, in effect, that the grounds set forth in paragraphs (a), (b), (c) and (e) are sufficient and that the ground set forth in paragraph (d) is not. This is consistent with, and indicative of, the proposition that the legislature intended paragraphs (a), (b), (c) and (e) to relate to child delinquency and paragraph (d) to relate to child dependency.

We are of the opinion that ORS 419.101 was not intended to abolish the distinction between a delinquent and a dependent child. We interpret ORS 419.101 to mean that the definitions of a dependent child and of a delinquent child are to be found by referring to the appropriate paragraph or paragraphs of ORS 419.476.

We recognize that the new juvenile code (Oregon Laws 1959, ch 432) of which ORS 419.101 and 419.476 are a part, was drafted with the idea of abolishing the distinction for certain purposes. Under the previous statutes the procedure in dealing with juveniles was unnecessarily complicated as a result of the statutory distinction between delinquent and dependent children. The difficulty is described by Judge Ralph M. Holman, who was a member of the legislative interim committee which drafted the code, in an article entitled Oregon's New Juvenile Code, 39 Or L Rev 305, 306 (1960). He said:

> "The old code classified children subject to juvenile-court jurisdiction as either 'dependent' or 'delinquent.' 'Dependent' children were those in need of the help of governmental authority; 'delinquent' children generally meant those who had transgressed against the law or who were beyond parental control. In actual practice, there was no clear line of demarcation between the two. Many were both. Some who were brought in as delinquents were found to be in fact dependent, and

vice versa. Under the old procedure, if a child alleged to be dependent was found to be delinquent, a new proceeding had to be commenced, and, of course, the converse was true. The new code abolishes the distinction and the attendant procedural confusion. While the grounds for bringing the child within the power of the court must be stated in the petition, he is termed neither dependent nor delinquent. As a result, the court can, upon the filing of a petition, make a disposition without regard to a technical distinction between 'dependency' or 'delinquency.' "

The new juvenile code did not abolish the legal distinction between dependent and delinquent children for all purposes; it merely made the distinction of no consequence procedurally in handling the cases that came before the juvenile court.

We hold that ORS 167.210 is constitutional and that the demurrer to the indictment should have been overruled.

The judgment is reversed and the cause is remanded for further proceedings in conformity with this opinion.

ROSSMAN, J., dissenting.

No statute of this state indicates whether a defendant who it is claimed maltreated a child should be indicted for the crime of contributing to the delinquency of the minor (ORS 167.210) or should be prosecuted for causing the child to become a dependent (ORS 167.215). In the absence of legislation upon that subject a grand jury which is about to return an indictment against an accused would have no direction from the legislature which would enable it to determine whether the defendant's wrongful act should

be treated as (1) the crime of contributing to the delinquency of a child and thus subject him possibly to a term in the penitentiary or (2) the crime of causing the child's dependency and thereby subject him to a penalty for a misdemeanor. Since courts and grand juries have no legislative powers they can not complete this incomplete statute so as to render it workable. It is true that parts of the statute which I will presently cite describe wrongful conduct which many would recognize as capable of rendering a child delinquent and other wrongful conduct which it is commonly assumed may cause a child to become a dependent, but those parts do not indicate that conduct of the one kind should be treated as tending to the child's delinquency and conduct of the other kind as causing the child's dependency. Further, and this is also important, our statute lists other conduct difficult of classification. In any event, reasonable individuals could classify it variously. Since the choice is legislative in nature and not judicial, the absence of a statute signifying the legislature's choice renders our law incomplete. The omission is accompanied with grave consequences. One who is found guilty of contributing to the delinquency of a minor may receive a penalty of as much as five years in the penitentiary whereas if the grand jury, based upon the same action detrimental to the minor, had returned an indictment for causing the child to become a dependent, no penitentiary sentence could have been imposed. Since our law fails to specify the conduct which should be deemed by a grand jury as rendering a minor a delinquent and that which should be treated as rendering him a dependent, neither a court nor a grand jury can know whether an accused should be indicted for the one crime or for the other. *State v. Pirkey*, 203 Or 697,

281 P2d 698, in speaking of a similar situation, declared:

"* * * So far as the statute is concerned, the same identical act, under the same circumstances, may constitute a felonious crime when committed by one person, and a misdemeanor when committed by another. * * *"

That act was declared violative of Article I, § 20, Oregon Constitution, and of the Fourteenth Amendment of the United States Constitution. The act was more complete than the one now before us. The present act is also violative of Oregon Constitution, Article IV, § 21.

Oregon Laws 1959, chapter 432, page 719, gave to us the comprehensive act known as the juvenile code. Section 66, page 739, of that act (now ORS 419.101) reads as follows:

"As used in ORS 419.105 to 419.140, unless the context requires otherwise:

"(1) 'Child delinquency,' 'delinquent child,' 'child dependency' and 'dependent child' means a person under 18 years of age whose conduct or condition is such as to fall within the provisions of subsections (1) to (5) of section 2 of this 1959 Act."

Section 2 of the act, page 720, now ORS 419.476, reads as follows:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(1) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city; or

"(2) Who is beyond the control of his parents or other person having his custody; or

"(3) Whose behavior or condition is such as to endanger his own welfare or the welfare of others; or

"(4) Whose parents or other person having his custody have abandoned him, failed to provide him with the support or education required by law, subjected him to cruelty or depravity or failed to provide him with the care, guidance and protection necessary for his physical, mental or emotional well-being; or

"(5) Who has run away from his home."

Section 17 of the 1959 act (page 725 Oregon Laws 1959), codified as ORS 419.507, provides:

"A child found to be within the jurisdiction of the court as provided in subsection (1) of ORS 419.476, shall be made a ward of the court. In connection with such wardship, the court may:"

At that point the section enumerates the various measures which the court may employ for the good of the child.

ORS 419.502, prior to its repeal by Oregon Laws 1959, chapter 432, section 59, enumerated the attributes of unsocial behavior which if exhibited by a child rendered the latter, in the purview of ORS 419.502, a "delinquent child." ORS 419.102, prior to its repeal by Oregon Laws 1959, chapter 432, section 65, specified the conditions and circumstances affecting a child which rendered it a "dependent child." Before the repeal of those two sections of our laws a grand jury, which had before it an adult who was accused of maltreating a child, could determine from those two acts whether the accused's wrongful conduct constituted the crime of contributing to the delinquency of the child or the crime of causing the child to become dependent. The 1959 act, after repealing ORS 419.502 and ORS 419.102, gave us nothing which applied the

appellation of "delinquent" to the one group of unfortunate children and "dependent" to the other but, as we have seen, united both groups of children in ORS 419.101. I have quoted the latter section of our laws. It will be recalled that after defining the term "agency" it says:

> "(2) 'Child delinquency,' 'delinquent child,' 'child dependency' and 'dependent child' mean a person under 18 years of age whose conduct or condition is such as to fall within the provisions of paragraphs (a) to (e) of subsection (1) of ORS 419.476."

The appropriate part of ORS 419.476 is quoted in a preceding paragraph of this opinion. By reverting to that quotation it will be observed that although ORS 419.476 enumerates various conduct in which unfortunate children may engage it does not state whether an adult who induced the child to so conduct itself should be prosecuted for contributing to the delinquency of a minor or for causing the child to become a dependent. For example, ORS 419.476, in enumerating the unfortunate children, includes a child "who has run away from his home," but it does not state that an adult who induced the child to take that course should be dealt with under ORS 167.210 which creates the crime of contributing to the delinquency of a minor or under ORS 167.215 which authorizes the prosecution of one who has caused a child to become a dependent.

The above statutes seemingly present no difficulties when the court is concerned only with the rehabilitation of the child; but trouble arises when a grand jury or a court is concerned with an adult who is accused of having maltreated a child. The present sections of our laws which create the crimes of contributing to the delinquency of a child (ORS 167.210) and of

causing a child to become a dependent child (ORS 167.215) do not themselves define the two crimes, but refer, without giving citations, to sections of our laws which they assume contain the needed definitions. But, we have seen that the sections which, up to 1959, gave the needed definitions were repealed in that year.

ORS 167.210 says: "When a child is a delinquent child as defined by any statute of this state, any person responsible for * * * shall be punished * * *." ORS 167.215 says: "Any person who wilfully does any act which causes * * * any child * * * to become a dependent child, as defined by any statute of this state * * * shall be punished * * *." No definitions are set forth.

Our present statutes render it impossible for a court to say whether a child "who has run away from his home" [see ORS 419.476 (1)(e)] should be deemed a delinquent or a dependent child. Likewise, difficulties confront any one who undertakes to determine whether the legislature intended that a child "whose behavior or condition is such as to endanger his own welfare or the welfare of others" [ORS 419.476 (1)(c)] should be deemed a delinquent or a dependent child. Reasonable men could differ upon the interpretation and application of that provision. If an indictment charges that a defendant induced a child to run away from home and thereby contributed to its delinquency, ORS 167.210 authorizes a penalty as great as five years in the penitentiary in the event of a verdict of guilty. But if another indictment for a similar act charges that defendant with causing dependency, ORS 167.215 treats the crime as a misdemeanor subject only to a fine and county jail sentence.

Let's suppose that both defendants in the conjectured cases were found guilty and appealed to this

court. How could this court determine from anything that the legislature has enacted that the grand jury which indicted the one for contributing to the delinquency of a minor caught the legislative conception of the crime more accurately or less accurately than the other grand jury which indicted for causing dependency. In short, how is a court or a grand jury to discern, from anything that the legislature has written, whether a defendant who induces a child to run away from home subjects himself to a potential penitentiary sentence and that therefore he should be indicted not for causing dependency but for the crime of contributing to delinquency?

It is clear that after the repeal of ORS 419.502 and ORS 419.102 the circuit court can not determine from anything that the legislature has enacted that a child who is mentioned in an indictment which charges the defendant with inducing the child to take any of the courses enumerated in ORS 419.476 is a delinquent or a dependent. Even with the help of a statutory definition a given set of circumstances sometimes presents difficulties to the court in determining whether a child is a dependent or something else. An illustration is *State v. Visser,* 249 Iowa 763, 88 NW2d 925. In that case the complaint charged that two sisters who were 16 and 11 years of age and who lived with their widowed mother were dependents. According to the decision,

> "There is no specific showing in the record that the mother of these two girls has physically abused them * * * nor does it appear that they have lacked suitable food and clothing."

Nevertheless, the court held that the children were dependents. It emphasized the unwholesome moral condition under which they lived and found that the

statute conferred upon the court discretion in the application of the definition.

We see from the foregoing that ORS 167.210 creates the crime of contributing to the delinquency of a minor and ORS 167.215 creates the crime of causing the dependency of a minor, but neither section specifies the wrongful action of the adult which shall be deemed contributory to delinquency and that which shall be regarded as causing dependency. ORS 419.476 sets forth categories of children over whom the juvenile court has jurisdiction; but it does not say that the children who are in this category are delinquents and those in that one are dependents. Nor does any other section of our laws take that indispensable step.

Under our act as it is now written, with the definitions previously given by ORS 419.502 and ORS 419.102 deleted, it is impossible for a grand jury to know whether an accused whose conduct was of the type suggested by subdivisions such as (a), (c) and (e) of ORS 419.476 (1) should be indicted upon a charge of contributing to the delinquency of the child or upon a charge of causing the minor's dependency. As we have seen, if the defendant is indicted for rendering the child a delinquent, a penitentiary sentence may follow; whereas, if the wrongful act of the accused is entered in the indictment as nothing more than rendering the child a dependent, the accused can not be dealt with on the basis of a felony. In the absence of anything in the statute prescribing what conduct on the part of the accused should be deemed contributing to the child's delinquency and that which should be deemed as rendering the child a dependent, the act must be held incomplete and unworkable. Since the courts have no legislative power they can not usurp the function of restoring to the act ORS 419.502 and

ORS 419.102. Moreover, no attempt in that direction should be made, for it is plain that the legislature repealed those sections. We can not overrule the legislature. We have no power to do so directly and should not attempt it obliquely.

The majority, unless I am mistaken, recognize that none of our laws designate the conduct of an adult which shall be deemed contributory to a child's delinquency and that which shall be regarded as causing its dependency. In the face of a situation of that character no help can be obtained from ORS 419.509 to which the majority reach out for help. In the first place, to seek help from ORS 419.509 is virtually a confession that the statutes which govern this indictment are incomplete. The simple truth is that ORS 419.509 does not complete the statutes which authorize indictments for contributing to the delinquency and causing the dependency of minors. Further, to endeavor to construe criminal statutes by resort to legislation of a purely administrative character is unprecedented. Various other of our statutes, in addition to ORS 419.509, designate the place where prisoners shall be confined both before trial and after conviction. None of them have ever been held to throw any light upon the meaning of criminal legislation.

In *State v. Brantley,* 201 Or 637, 271 P2d 668, the circuit court, in recognizing that the statute which the grand jury had invoked against the defendant was incomplete, sustained a demurrer to the indictment. This court affirmed, and in so doing said:

> " 'A valid criminal law must definitely show with reasonable certainty what acts or omissions the lawmaking body intended to prohibit and punish': 1 Cyclopedia of Criminal Law, Brill, § 62."

I dissent.