Argued June 22, affirmed July 15, petition for review
denied August 10, 1971

STATE OF OREGON, *Respondent, v.*
LOUIS M. SINNIGER, *Appellant.*

486 P2d 1303

*Charles O. Porter,* Eugene, argued the cause and filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Defendant appeals from a conviction by the Circuit Court of Lane County sitting without a jury of desecrating the United States flag in violation of ORS 162.720 (4).[1] Initially, defendant was tried and convicted in district court on the same charge.[2] He

---

[1] ORS 162.720 (4) provides:

"Any person who performs any of the following acts is subject upon conviction to a fine of not less than $20 nor more than $100:

"* * * * *

"(4) Publicly mutilates, tramples upon, or publicly defaces, defies, defiles or by words or act casts contempt upon any flag of the United States."

[2] The trial court file shows that defendant first demurred to the complaint in district court on the ground that the same did not state a crime. The demurrer was overruled.

then appealed to circuit court where the case was tried again *de novo*. The complaint charged that defendant did "* * * publicly defy and defile * * * a flag of the United States of America by then and there using said flag as a seat cover in a motor vehicle."

On appeal defendant asserts that the trial court erred (1) in overruling defendant's objection to the taking of further testimony on the ground that the complaint did not state a crime and (2) in finding defendant guilty of desecrating the flag. Defendant did not raise any issue of symbolic free speech at trial.

The facts are not in dispute. The arrest and prosecution of defendant resulted from one or possibly several anonymous complaints to the district attorney of the use of an American flag as a seat cover in defendant's pickup truck. The vehicle had a yellow roof, purple doors, with stars painted on the roof and on one door. The flag, a conventional 4 x 6 foot national standard made of cotton cloth, had been tucked to the front seat with the stars' portion positioned on the driver's side and the stripes on the passenger's side of the seat.

Defendant's two main contentions on appeal are that the display and use of the flag on the seat of the vehicle was not "publicly" within the meaning of ORS 162.720 (4); and that there was no evidence that the foregoing act caused or tended to cause a breach of the peace.

The Oregon flag desecration statute is closely similar to flag desecration laws adopted in over half of the states.[9] So far as we can determine the Oregon

---

[9] See Uniform Flag Act, 9B Uniform Laws Annotated 51.

statute has not been construed by the appellate courts in this state.

■ ■ We find no merit in defendant's contention that the use of the flag on the seat of a motor vehicle being operated on a public street was not done "publicly."

The term "publicly" as used in ORS 162.720 (4) means in a location open to the public or the public view, as distinguished from within a private building or enclosure. See 35 Words and Phrases (perm ed) 440-43.

The fact that the flag was placed on the seat in such a manner as to be plainly visible to pedestrians and passing motorists from outside the vehicle was sufficient. *Lee v. The State,* 136 Ala 31, 33 So 894, 895 (1903); *Messina v. State,* 212 Md 602, 130 A2d 578, 579 (1956). *Cf. State v. Peacock,* 138 Me 339, 25 A2d 491 (1942).

Defendant's second assignment attacks his conviction on the ground that

"No evidence was introduced showing that defendant in using the United States flag as a seat cover caused or tended to cause a breach of the peace."

The essence of his argument as stated in his brief is this:

"Resentment of what may appear to some to be a disrespectful use of the flag is not enough. The evidence here shows beyond any question that Mr. Sinniger did not use the United States flag under such circumstances likely to cause a breach of the peace.

"* * * The evidence is uncontroverted that Mr. Sinniger's use of the flag was decorative and utili-

tarian * * *. He did not intend to defile the flag by this use * * *."

■ ■ The flaw in defendant's earnest contention is that he is engrafting into the flag desecration law two requirements that the legislature did not see fit to provide, namely, that the prosecution must also prove (1) a specific intent to defile the flag and (2) an actual or threatened breach of the peace as a result of the alleged defilement.

In statutory crimes, unless there is incorporated into the legislative definition the element of intent on the part of defendant, the intent with which the act was done is not an ingredient of the offense. *State v. Brown,* 73 Or 325, 144 P 444 (1914).

ORS 162.720 (4) makes the act of defilement *malum prohibitum* and "* * * requires no greater intent than the words of the offense carry * * *." *State v. Schlueter,* 127 NJL 496, 23 A2d 249 (1941); *People v. Radich,* 26 NY2d 114, 257 NE2d 30 (1970), *affirmed* 401 US 531, 91 S Ct 1217, 28 L Ed 2d 287 (1971). Further, the statute makes no requirement that an actual or threatened breach of the peace be shown.[4]

For the foregoing reasons we find defendant's second assignment likewise without merit.

■ During oral argument defendant for the first time attacked the constitutionality of the statute on grounds of overbreadth, vagueness and abridgment of the right of free speech, citing recent federal court

---

[4] Compare the definition of the offense "Abuse of Venerated Objects" in the new Oregon Criminal Code of 1971 (Oregon Laws 1971, ch 743), which requires proof of specific intent to abuse the object "in a manner likely to outrage public sensibilities."

cases in which similar state laws were declared unconstitutional. Defendant's contention of unconstitutionality comes too late.

"Challenges to the constitutionality of a statute should be raised in the trial court, and not for the first time on appeal. *State v. Krause,* 251 Or 318, 445 P2d 500 (1968). *Highway Commission v. Helliwell,* 225 Or 588, 358 P2d 719 (1961), *Senger v. Vancouver-Portland Bus Co.,* 209 Or 37, 298 P2d 835, 304 P2d 448 (1956)." *State v. Zusman,* 1 Or App 268, 271, 460 P2d 872 (1969).

It follows that the judgment of the court below must be affirmed.

Affirmed.