Argued May 20, affirmed August 26, petition for rehearing denied
September 17, petition for review denied November 16, 1971

STATE OF OREGON, *Respondent, v.*
RONALD DALE WARDIUS, *Appellant.*

487 P2d 1380

J. *Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

Defendant was convicted by the court sitting without a jury of the unlawful sale of narcotics. ORS 474.020. On appeal he challenges both the constitutionality and the application here of the alibi-notice statute (ORS 135.875), which reads as follows:

> "(1) If the defendant in a criminal action proposes to rely in any way on alibi evidence, he shall, not less than five days before the trial of the cause, file and serve upon the district attorney a written notice of his purpose to offer such evidence, which notice shall state specifically the place or places where the defendant claims to have been at the time or times of the alleged offense together with the name and residence or business address of each witness upon whom the defendant intends to rely

for alibi evidence. If the defendant fails to file and serve such notice, he shall not be permitted to introduce alibi evidence at the trial of the cause unless the court for good cause orders otherwise.

"(2) As used in this section 'alibi evidence' means evidence that the defendant in a criminal action was, at the time of commission of the alleged offense, at a place other than the place where such offense was committed."

At trial the defendant called as his witness one Colleen McFadden. The substance of her testimony was that on the night of the alleged sale the defendant had taken her to a movie. The court sustained a motion to strike that testimony on the ground that defendant had not filed notice of intent to rely upon an alibi as required by ORS 135.875.

Subsequently, the defendant took the stand and testified that on the night of the alleged sale, May 21, 1970, he had taken Colleen McFadden to a drive-in movie. The court again sustained a motion to strike defendant's testimony on the same ground.

The indictment here alleged the date of the crime as "on or about the 21st day of May, 1970." Counsel for defendant, in an effort to establish "good cause" why the notice required under ORS 135.875 was not given, stated the defendant erroneously recalled the state's undercover agent as testifying in a companion case tried about a month earlier that the sale took place on May 22. It was not until a day or two before the trial that defendant's counsel, who had also participated in the earlier trial, checked the transcript in the companion case and learned the witness actually testified May 21 was the date of the crime. No effort was made then to comply with the statute or to seek a postponement of trial based thereon.

■ The court ruled that good cause for the failure to give the required notice was not shown, and adhered to its ruling striking the alibi evidence of both McFadden and the defendant. We think the court did not abuse its discretion in holding that "good cause" within the statute was not shown for failure to give the notice required by the statute.

■■ Defendant asserts error in striking the proffered testimony on the ground the statute:

1) Compels him to be a witness against himself;

2) Deprives him of the right to confrontation because it does not guarantee him reciprocal discovery rights;

3) Abridges his right to testify in his own behalf; and

4) Denies him the effective benefit of his right to compulsory process to obtain witnesses in his own behalf.

We will consider these contentions in order.

*Williams v. Florida,* 399 US 78, 90 S Ct 1893, 90 S Ct 1914, 26 L Ed 2d 446 (1970), disposes of the first point adversely to the defendant. In that case, the defendant's specific contention was that he was compelled to be a witness against himself contrary to the commands of the Fifth and Fourteenth Amendments. The court held:

"* * * We conclude, however, as has apparently every other court that has considered the issue, that the privilege against self-incrimination is not violated by a requirement that the defendant give notice of an alibi defense and disclose his alibi witnesses." 399 US at 83.

*See also,* Annotation, 30 ALR2d 480 (1953). *Accord: Rider v. Crouse,* 357 F2d 317 (10th Cir 1966); *State*

*ex rel Simos v. Burke,* 41 Wis 2d 129, 163 NW2d 177 (1968); *People v. Williams,* 11 Mich App 62, 160 NW2d 599 (1968).

In *Williams v. Florida,* supra, the court stated:

"We need not linger over the suggestion that the discovery permitted the State against petitioner in this case deprived him of 'due process' or a 'fair trial.' Florida law provides for liberal discovery by the defendant against the State, and the notice-of-alibi rule is itself carefully hedged with reciprocal duties requiring state disclosure to the defendant. Given the ease with which an alibi can be fabricated, the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate. Reflecting this interest, notice-of-alibi provisions, dating at least from 1927, are now in existence in a substantial number of States.⑨

\* \* \*

"⑪\* \* \* \* \*

"We do not, of course, decide that each of these alibi-notice provisions is necessarily valid in all respects; *that conclusion must await a specific context and an inquiry, for example, into whether the defendant enjoys reciprocal discovery against the State."* (Emphasis supplied.) 399 US at 81-82.

It is not, however, necessary for us to decide that question. No witness was here called nor evidence offered by the state relating to the question of alibi. Thus, no prejudice is shown, and indeed, the defendant, on this latter score, claims none. *Rider v. Crouse,* supra.

Thus, we do not find it necessary to decide whether under ORS 135.875 the defendant is entitled to reciprocal discovery rights from the state, as auth-

396

orized by Florida Rule of Criminal Procedure 1.200.① There has been no denial thereof here. We, too, deem it appropriate, in the language of *Williams v. Florida,*

① Florida Rule of Criminal Procedure 1.200 provides:

"Upon the written demand of the prosecuting attorney, specifying as particularly as is known to such prosecuting attorney, the place, date and time of the commission of the crime charged, a defendant in a criminal case who intends to offer evidence of an alibi in his defense shall, not less than ten days before trial or such other time as the court may direct, file and serve upon such prosecuting attorney a notice in writing of his intention to claim such alibi, which notice shall contain specific information as to the place at which the defendant claims to have been at the time of the alleged offense and, as particularly as is known to defendant or his attorney, the names and addresses of the witnesses by whom he proposes to establish such alibi. Not less than five days after receipt of defendant's witness list, or such other times as the court may direct, the prosecuting attorney shall file and serve upon the defendant the names and addresses (as particularly as are known to the prosecuting attorney) of the witnesses the State proposes to offer in rebuttal to discredit the defendant's alibi at the trial of the cause. Both the defendant and the prosecuting attorney shall be under a continuing duty to promptly disclose the names and addresses of additional witnesses which come to the attention of either party subsequent to filing their respective witness lists as provided in this rule. If a defendant fails to file and serve a copy of such notice as herein required, the court may exclude evidence offered by such defendant for the purpose of proving an alibi, except the testimony of the defendant himself. If such notice is given by a defendant, the court may exclude the testimony of any witness offered by the defendant for the purpose of proving an alibi if the name and address of such witness as particularly as is known to defendant or his attorney is not stated in such notice. If the prosecuting attorney fails to file and serve a copy on the defendant of a list of witnesses as herein provided, the court may exclude evidence offered by the state in rebuttal to the defendant's alibi evidence. If such notice is given by the prosecuting attorney, the court may exclude the testimony of any witness offered by the prosecuting attorney for the purpose of rebutting the defense of alibi if the name and address of such witness as particularly as is known to the prosecuting attorney is not stated in such notice. For good cause shown the court may waive the requirements of this rule." Williams v. Florida, supra, 399 US at 104-105.

supra, to "await a specific context" in which that issue is necessary to a decision.

Defendant next contends that since he is guaranteed the right to take the stand in his own behalf by our constitution (Oregon Constitution, Art. I, § 11), he has an absolute right to do so and, in so doing, to testify himself, as well, concerning alibi as well as any other relevant matter.

Defendant confuses the right to testify with the requirement that he first comply with the notice requirement of the statute. It has been consistently held that a defendant urging insanity as a defense can, as in Oregon, be required to give notice thereof in his plea. ORS 135.870. *State v. Wallace,* 170 Or 60, 131 P2d 222 (1942). The legislature, by the enactment of Oregon Laws 1969, ch 293, p 500, now ORS 135.875, saw fit only to require a defendant to give at least five days' notice of intent "to rely in any way on alibi evidence." The law does not deprive the defendant of his right to take the stand.

The Wisconsin Supreme Court recently considered this claim under a similar statute, and said:

"* * * Assuming the right of a defendant under either or both state and federal constitutions to testify as a witness in his own behalf, it does not follow that such right outlaws any and all procedural requirements of conditions as to notice.

"When any witness takes the stand, he swears or affirms that he will tell the truth, the whole truth and nothing but the truth. What is constitutionally protected is the right of a defendant to testify truthfully in his own behalf. An alibi is not one of several alternative defenses that can be simultaneously asserted. If what the statute terms an alibi is founded in truth and in fact, the de-

fendant was not present to commit the offense charged. If this is the situation, the defendant suffers no prejudice by the requirement of advance notice of intention to establish such fact. If we are discussing the right of a defendant to defer until the moment of his testifying the election between alternative and inconsistent alibis, we have left the concept of the trial as a search for truth far behind. Where this situation was presented to this court, we rejected the claimed right of a defendant to abandon the alibi of which he had given notice and substitute a new and different one at the time of trial. Where there is even a pretrial change of alibi, this court has permitted cross-examination and introduction of the initial alibi notice as bearing upon an issue raised by the choice and change of mind of the defendant. These decisions, and the statute on which they are based, do not limit in any way the right of a defendant to testify truthfully in his own behalf. The condition of prior notice as to alibi testimony, like the test as to materiality and relevancy, does not invade the right of a defendant to testify in his defense." *State ex rel Simos v. Burke,* supra, 41 Wis 2d at 136-38.

This assignment is without merit.

His final contention is that ORS 135.875 abridges his right to compulsory process to obtain witnesses in his own behalf. There was no such denial here. In *Simos* the Wisconsin court pointed out that the challenged statute does not disqualify any person as a prospective witness, nor does it purport to ban alibi evidence. It requires only the giving of reasonable notice of intention to do so and identification of prospective witnesses to be called in connection therewith.

In *State ex rel Simos v. Burke,* supra, the court well summarized:

"From the standpoint of the constitutional

rights of this defendant, we find no constitutional right infringed or invaded. From the standpoint of the public policy as determined by the legislature, we find a legitimate public interest served by the statute. From the standpoint of the reasonableness of the procedural requirement involved, we would conclude that establishing an earlier time than the trial itself for notice of alibi avoids mid-trial state motions for adjournment on the ground of surprise to permit investigation of alibi claims. The interests of the prosecution, defense and public are served by such facilitating of orderly, uninterrupted trials for the seeking of the truth and the protection of the rights of all concerned." 41 Wis 2d at 139-40.

We agree. The judgment is affirmed.