Argued September 20, affirmed October 19, 1971

# STATE OF OREGON, *Respondent, v.*
# LON FRED HERTZIG, *Appellant.*

489 P2d 989

*Maxwell Donnelly,* Portland, argued the cause and filed the brief for appellant.

*W. Michael Gillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

Defendant appeals from a conviction after jury trial on a charge of burglary. He asserts that the trial judge erred: (1) In granting the state's motion for mistrial during selection of the first jury; (2) in requiring the defendant to go to trial before the same jury panel immediately following the declaration of a mistrial; and (3) in refusing to allow two alibi witnesses to testify.

During the first voir dire examination one prospective juror indicated, in response to defense counsel's question, that she felt she could not be a

fair and impartial juror because her son had once been wrongfully convicted of a crime. The court granted the state's motion for a mistrial but did not instruct the jurors as to the reason for the mistrial. After lunch a new group of jurors from the same panel was called, a jury was selected and trial commenced over defendant's strenuous objection.

■ It was not error to grant the state's motion for a mistrial, to select a new jury from the same panel and to require the defendant to go to trial. The granting of a mistrial is within the discretion of the trial judge and will not be disturbed on appeal, absent an abuse of that discretion. See *State v. Tucker*, 5 Or App 283, 483 P2d 825, Sup Ct *review denied* (1971). We do not find an abuse of discretion here. The state might reasonably have feared that its case could have been prejudiced by leaving the impression with the prospective jurors that it made a practice of prosecuting innocent citizens.

■ Nor do we feel that it was error to require defendant to go to trial before a new group of jurors selected from the same panel. The trial judge did not inform the first jurors as to the reasons for the mistrial. Second, any communication of the earlier derogatory statement would have been of benefit to the defense rather than the prosecution.

■ Lastly, as to the trial court's refusal to allow two alibi witnesses to testify, defendant first contends that the alibi statute, ORS 135.875,① violates the Fifth

① ORS 135.875 provides:

"(1) If the defendant in a criminal action proposes to rely in any way on alibi evidence, he shall, not less than five days before the trial of the cause, file and serve upon the district

and Sixth Amendments to the United States Constitution and Art I, § 12 of the Constitution of Oregon.②

He did not raise this issue during trial. Challenges to the constitutionality of a statute should be raised in the trial court, and not for the first time on appeal. *State v. Sinniger*, 6 Or App 145, 486 P2d 1303, Sup Ct *review denied* (1971); *State v. Zusman*, 1 Or App 268, 460 P2d 872 (1969), Sup Ct *review denied, cert denied* 398 US 905, 90 S Ct 1698, 26 L Ed 2d 65 (1970).

■ Defendant also contends that the trial judge erred in not permitting two witnesses to testify, even though their names were not included on defendant's notice of alibi because good cause was shown for waiving the exclusionary requirement of ORS 135.875 (1).

The record indicates that defendant gave proper notice of alibi, listing the names of six witnesses. He failed to make known to his counsel the names of two additional potential alibi witnesses, whose testimony was objected to by the state. Further, the offer of proof showed that neither proffered witness could

---

attorney a written notice of his purpose to offer such evidence, which notice shall state specifically the place or places where the defendant claims to have been at the time or times of the alleged offense together with the name and residence or business address of each witness upon whom the defendant intends to rely for alibi evidence. If the defendant fails to file and serve such notice, he shall not be permitted to introduce alibi evidence at the trial of the cause unless the court for good cause orders otherwise.

"(2) As used in this section, 'alibi evidence' means evidence that the defendant in a criminal action was, at the time of commission of the alleged offense, at a place other than the place where such offense was committed."

② The Oregon alibi statute was held constitutional in State v. Wardius, 6 Or App 391, 487 P2d 1380 (1971).

have positively placed defendant in California at the time of the burglary. The state stipulated to the admission of a letter from a listed alibi witness when it appeared that the witness—whose evidence was more favorable to defendant than either of the two unlisted witnesses—would be unable to come from California to testify. On the other hand, the record shows that defendant was positively identified at the scene of the burglary, driving the automobile which he owned at the time and which was identified as the vehicle involved in the crime.

We agree with the trial court that defendant failed to establish good cause as required by the alibi statute. There was no abuse of discretion. *State v. Wardius,* 6 Or App 391, 487 P2d 1380, Sup Ct *review denied* (1971), *cert denied* 406 US 957, 92 S Ct 2066, 32 L Ed 2d 343 (1972).

Affirmed.