Argued and submitted July 14, the decision of the Court of Appeals and the judgment of the circuit court reversed and remanded to circuit court for further proceedings September 20, 1988

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## BRENDA IRENE EDGMAND,
*Petitioner on Review.*

(TC CF 87-102; CA A44344; SC S35081)

761 P2d 505

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for petitioner on review. With him on the petition was Gary D. Babcock, Public Defender, Salem.

Leslie Westphal, Assistant Attorney General, Salem, argued the cause for respondent on review.

LINDE, J.

Peterson, C. J., specially concurred and filed an opinion.

Gillette, J., dissented and filed an opinion.

## LINDE, J.

On trial for unlawful delivery and unlawful possession of a controlled substance, defendant sought to testify in her own defense that she was at Crabbies Tavern at the time when the state's witness bought methamphetamine at the house where she lived. The state objected on grounds that defendant's testimony would constitute "alibi evidence" requiring prior notice to the district attorney, which defendant had not given. ORS 135.455. The trial court sustained the objection and, expressly disregarding her testimony about where she was at the time of the crime, found defendant guilty. The court subsequently denied defendant's motion for a new trial, which asserted that "defendant was deprived of her constitutional right to give her own testimony that she was elsewhere, and, therefore, was not the person who was guilty of the charged offense." The Court of Appeals affirmed defendant's conviction without an opinion. We reverse.

ORS 135.455 provides:

"(1)  If the defendant in a criminal action proposes to rely in any way on alibi evidence, the defendant shall, not less than five days before the trial of the cause, file and serve upon the district attorney a written notice of the purpose to offer such evidence, which notice shall state specifically the place or places where the defendant claims to have been at the time or times of the alleged offense together with the name and residence or business address of each witness upon whom the defendant intends to rely for alibi evidence. If the defendant fails to file and serve such notice, the defendant shall not be permitted to introduce alibi evidence at the trial of the cause unless the court for good cause orders otherwise.

"(2)  As used in this section "alibi evidence" means evidence that the defendant in a criminal action was, at the time of commission of the alleged offense, at a place other than the place where such offense was committed."

Defendant asserts that the statute is unconstitutional if it is applied to restrict what a defendant who has not given prior notice may say in her own defense.

In the Court of Appeals, the state contended that defendant had not preserved a claim that the statute is unconstitutional. The state's reliance on the statute at trial, of course, is uncontested, and if application of the statute was

unconstitutional, the error is evident. ORAP 7.19(5). The state observes that the trial court should have the opportunity to correct its own errors. While the motion quoted above is not a proper subject of a separate assignment of error, it did draw the claim to the court's attention if the court wished to correct its ruling. There is no need or occasion to wait for a post-conviction proceeding.

The trial court doubtless thought itself bound by a prior decision of the Court of Appeals that sustained the exclusion of a defendant's own testimony under similar circumstances. *State v. Wardius,* 6 Or App 391, 487 P2d 1380 (1971), *rev'd on other grounds, Wardius v. Oregon,* 412 US 470, 93 S Ct 2208, 37 L Ed 2d 82 (1973). There the state relied on a Wisconsin opinion to the effect that requiring a defendant to give advance notice of his testimony does not interfere with his right to testify in his own defense. *State ex rel Simos v. Burke,* 41 Wis 2d 129, 138, 163 NW2d 177, 181 (1968). The notice requirement does not interfere if a defendant gave the notice, but it certainly interferes with his right to testify if he did not give notice, or departs from it. The issue here is exclusion of defendant's testimony, not the validity of the notice requirement. It is not clear whether, under the state's view, failure to give an "alibi notice" would preclude any and all testimony by defendant contradicting her presence at the scene of the crime. Perhaps she could testify: "I was not there." But that would be all, leaving the factfinder to wonder why she did not say where she was. On the state's theory, could a defendant testify, without prior notice to the prosecutor, that she was in her bed if the crime occurred elsewhere in her apartment, but not if it occurred in the hall outside the apartment door? Could she even testify that she was sleeping in her bed upstairs at the time when the alleged unlawful delivery occurred downstairs in the same house?

This restriction of defendant's right to testify would pose a serious constitutional problem, if we had to reach it. We faced a similar claim in *State v. Douglas,* 292 Or 516, 641 P2d 561 (1982). The trial court had held defendant's notice inadequate and ordered that she could not testify that she was at work at the time when she allegedly failed to pay for gasoline at a service station. We reversed the conviction and remanded the case. Justice Tanzer's majority opinion observed that "we will not reach constitutional issues to decide a case which can

be decided on statutory grounds," *id.* at 519, and the court decided that defendant's notice in fact was adequate. In a concurring opinion, Justice Lent extensively reviewed the evolution and status of the defendant's "right * * * to be heard by himself" under Article I, section 11, of the Oregon Constitution, concluding that it is inconsistent with this constitutional guarantee to preclude a defendant's testimony as a sanction for failure to give an alibi notice. 292 Or at 543 (Lent, J., concurring).

Like *Douglas,* this case need not be decided on constitutional grounds. That issue can wait until the legislature unambiguously enacts a law restricting a defendant's right to testify. ORS 135.455 was designed to prevent the unanticipated appearance of surprise alibi witnesses for the defendant and to give the state the opportunity to meet their testimony. Judge Van Hoomissen, as the District Attorney for Multnomah County at the time when the alibi notice requirement was considered by the Senate Judiciary Committee, testified that it was not uncommon, after the prosecution closed its case, for a defendant to claim that "on the day of the crime he was in Wichita."

> "This, of course, catches the state and the police officers completely by surprise because they had no advance warning that this defense was going to be raised. The defendant will then produce witnesses to attempt to corroborate his alibi; maybe they are ex-convicts or relatives of the defendant. In any event, there is no opportunity for the state to either verify the alibi or to successfully cross examine the alibi witnesses."

Minutes, Hearings, Senate Judiciary Committee, May 5, 1969, p 1, quoted in *State v. Douglas, supra,* 292 Or at 540 n 38. But, as Justice Lent's opinion in *Douglas* pointed out, there are fundamental differences between the state's needs in meeting the defendant's own denials and alibi testimony of unexpected witnesses:

> "The prosecution must prove each element of the crime beyond a reasonable doubt, including the presence of the defendant where this is necessary to establish her guilt. Thus, the prosecution must be prepared in any event to counter the defendant's denial that she was present at the scene of the crime. By contrast, a witness corroborating the defendant's alibi is not a normal subject of pretrial investigation, and the complaint of those urging notice requirements was that

> " 'the prosecutor in such cases might easily disclose the falsity of the testimony had he the time to investigate both the reliability of the witnesses and the factual details of the evidence, but he is often denied opportunity.'

> "Thus, the state's interest in cases where there is a surprise claim of alibi is not so much in precluding the presentation of the alibi evidence, but in having a reasonable opportunity to investigate this testimony."

292 Or at 541 (footnote omitted).

Courts have differed on the statutory as well as on the constitutional issues. Some have interpreted statutes requiring notice of alibi evidence to cover only alibis furnished by witnesses other than the defendant.[1] Although the concurring opinion in *Douglas* was skeptical of this approach to Oregon's law, noting that the several state statutes could be distinguished, *see* 292 Or at 541 n 40, we think that it is most consonant with the often-stated rule to give statutes a constitutional interpretation unless the lawmakers unmistakably have adopted the questionable policy. That is very doubtful in this instance.

> "It is, of course, a commonplace that statutes will not be construed to violate constitutional prohibitions unless no other construction is possible. *State v. Harmon,* 225 Or 571, 358 P2d 1048 (1961) and cases there cited. Courts do not readily ascribe to legislators an intention to deprive persons of a right that the constitution guarantees. * * * [L]egislators as well as courts may be credited with respecting well-understood constitutional rights and not intending every doubtful law to press to whatever extent that a court will not invalidate."

*State v. Smyth,* 286 Or 293, 296, 593 P2d 1166 (1979). *See also Tharalson v. State Dept. of Rev.,* 281 Or 9, 13, 573 P2d 298 (1978), and cases there cited.

Certainly the substance of defendant's testimony that she was at Crabbies Tavern met the literal definition of "alibi evidence" in subsection (2) of ORS 135.455. (So, literally, would answering a question whether she was at the place of the crime by testifying "no, I was someplace else.") But

---

[1] *See State v. Hibbard,* 273 NW2d 172, 174-75 (SD 1978); *People v. Merritt,* 396 Mich 67, 88, 238 NW2d 31, 40-41 (1976); *State v. Schlater,* 170 NW2d 601, 605 (Iowa 1969); *People v. Rakiec,* 289 NY 306, 308-09, 45 NE2d 812, 813-14 (1942).

subsection (2) does not go beyond defining the *substance* of the statement. It does not address the issue *whose* testimony is included in the notice requirement. For the reasons already noted, we think that the object of alibi notice statutes was to permit the prosecution to meet the testimony of witnesses who would swear that a defendant was someplace other than the place of the crime, not to deny the defendant's right to describe her own movements at the time in question. The trial court should not have excluded defendant's statements from its evaluation whether the state had proved her guilty beyond a reasonable doubt.

The decision of the Court of Appeals and the judgment of the circuit court are reversed, and the case is remanded to the circuit court for further proceedings.

**PETERSON, C. J.,** specially concurring.

I agree with the dissent that the majority errs in its construction of the statute. Even so, I concur with the result because the statute likely is unconstitutional for the reasons set forth in the specially concurring opinion of Lent, J., in *State v. Douglas,* 292 Or 516, 641 P2d 561 (1982).

**GILLETTE, J.,** dissenting.

The court is asked in this case to do a simple thing. It is asked to decide whether a statute means what it says. Fleeing before the threat of a constitutional ghost, the majority today declares that the statute does not mean what it says.

The statute we construe today is not arcane. It deals with a familiar aspect of criminal trials, and does so in straightforward terms. The statute, ORS 135.455, provides:

"(1)  If the defendant in a criminal action proposes to rely in any way on alibi evidence, the defendant shall, not less than five days before the trial of the cause, file and serve upon the district attorney a written notice of the purpose to offer such evidence, which notice shall state specifically the place or places where the defendant claims to have been at the time or times of the alleged offense together with the name and residence or business address of each witness upon whom the defendant intends to rely for alibi evidence. If the defendant fails to file and serve such notice, the defendant shall not be

permitted to introduce alibi evidence at the trial of the cause unless the court for good cause orders otherwise.

"(2)  As used in this section 'alibi evidence' means evidence that the defendant in a criminal action was, at the time of commission of the alleged offense, at a place other than the place where such offense was committed."

The statute's language is absolutely clear. The opinion for the majority, however, chooses to claim ambiguity where none exists, purportedly because of incipient constitutional problems with a straightforward reading of the statute. The conclusion of the opinion for the majority is that the statute does not by its terms apply to alibi evidence offered by the defendant's own testimony. The opinion reaches this conclusion in a three-step process which I present here, for the purposes of clarity, in reverse order from the way it is pronounced by the opinion.

The opinion's first step is to say that subsection (2) of the statute "does not go beyond defining the *substance* of the [alibi] statement. It does not address the issue [of] *whose* testimony is included in the notice requirement." (306 Or at 541; emphasis in original.) This statement is true, but it does not prove anything about the scope of the statute. The only function of that section is to define "alibi evidence," not otherwise to define the scope of the statute's coverage.

It is subsection (1) that defines the scope of the statute by declaring that the defendant cannot use (the statute says, "rely on") alibi evidence "in any way." There is no language of limitation as to the *source* of the evidence — so far as the language of the statute is concerned, the evidence can come either from the defendant or from one of his or her witnesses. Thus, assuming the requisite notice was not given, the trial court's task in a case such as this is clear: If the proffered evidence is alibi evidence, it cannot be admitted. There may be occasions in which there will be some debate over whether particular evidence falls within or without the definition, but evidence that falls within it cannot be received. In this case, defendant's proffered testimony is within the definition.

The second step of the opinion for the majority is to bolster its unjustified suggestion that the scope of the statute is an open question, making it possible that the measure was

not intended to include testimony by the defendant, by referring to a portion of the statute's legislative history. (306 Or at 539.) That testimony, by then Multnomah County District Attorney George Van Hoomissen, explained that the statute was needed to counter a defendant's surprise claim, during trial, that he was somewhere else at the time of the crime. He explained,

> "This, of course, catches the state and the police officers completely by surprise because they had no advance warning that this defense was going to be raised. The defendant will then produce witnesses to attempt to corroborate his alibi; maybe they are ex-convicts or relatives of the defendant. In any event, there is no opportunity for the state to either verify the alibi or to successfully cross examine the alibi witnesses."

Minutes, Hearings, Senate Judiciary Committee, May 5, 1969, p 1.

On the face of it, this testimony speaks to the problem of alibis as a *genre.* It is clear that the defendant's own testimony is part and parcel of the problem. However, the majority filters this testimony through a concurring — not a majority — opinion by Justice Lent in *State v. Douglas,* 292 Or 516, 541, 641 P2d 561 (1982), in an effort to assert that "there are fundamental differences between the state's needs in meeting the defendant's own denials and alibi testimony of unexpected witnesses[.]" (306 Or at 539.)

The trouble is that both this assertion, and the *Douglas* concurring opinion on which it relies, are wrong in claiming any "fundamental differences" (from the state's point of view) between a lying witness and a lying defendant. The *Douglas* concurring opinion argued that there is a fundamental difference because the state already knows the identity of the defendant and "must be prepared in any event to counter the defendant's denial that she was present at the scene of the crime." *State v. Douglas, supra,* 292 Or at 541 (concurring opinion). That is disingenuous.

The state has whatever evidence it has identifying the defendant as a perpetrator of the crime. It may have nothing to counter any story by the defendant to the effect that it's all a case of mistaken identity, she was somewhere else at the time. The dilemma for the state is created by the *story.* Certainly, the defendant has a better chance of selling the alibi if

others are called who saw her there. But the difference created by additional witnesses is a difference in *degree,* rather than a difference in *kind,* as the opinion for the majority would have it. And, if it is not a difference in kind, it does not support the theory that the legislature meant ORS 135.455 to deal only with witnesses because witnesses were the only problem.

The majority's final step is to warn darkly that "[t]his [statutory] restriction of defendant's right to testify would pose a serious problem, if we had to reach it." (306 Or at 538.) While it does not fully explain the "problem" so that a reader could judge for himself what — if anything — there is to worry about, the opinion for the majority appears to embrace the theoretical conclusions reached by the concurring opinion in *State v. Douglas, supra.* This court should not now adopt an opinion whose factual premise was overstated and which did not command the support of a majority of this court when its merits were actually before the court.

ORS 135.455 is a statute aimed at orderly trials. Its purpose is to take from the criminal trial process as much of the "game-playing" that once characterized these proceedings as it is possible to take. *See also* ORS 135.805-.873 (providing for reciprocal discovery in criminal cases). The opinion for the majority puts back the game-playing, at least with respect to defendants. Is that constitutionally necessary? No.

Let us assume that the statute were actually written as the opinion for the majority now wishes to construe it. Further assume that, in a criminal trial, the defendant has given no notice of alibi, because she only intends to testify herself. She takes the stand and does so. This is the first time the state has heard about this story. If it is true, defendant is innocent. The state asks the trial court to recess the trial for a brief period — twenty-four hours, or forty-eight — to look into the alibi. Over defendant's objection, the recess is granted. Investigation produces witnesses from the place defendant claimed to have been that refute her alibi. She is convicted. On appeal, she asserts that the trial court committed reversible error in granting the recess.

Would a majority of this court hold that to be error? Surely not. It is true that the trial process was interrupted, the case strung out for longer than was desirable, the jury and (possibly) some witnesses discomfited, but the trial judge was

right to permit the state to make an inquiry. *The function of ORS 135.445 is to avoid such delays by letting everyone know ahead of time precisely what is going to be claimed, should defendant elect to take the stand.* If the statute's purpose could be achieved in individual cases by rulings of a trial judge that disrupt the administration of justice, why cannot the legislature provide for a procedure that streamlines and regularizes the process?

The opinion for the majority answers this question by saying, "The issue here is exclusion of defendant's testimony, not the validity of the notice requirement." (306 Or at 538.) That is not entirely correct. The sanction — exclusion of evidence for noncompliance — is part and parcel of the statute. We would leave nothing of the statute, as a practical matter, if we were to declare the sanction unconstitutional. But the sanction is not unconstitutional.

The constitutional provision on which the opinion for the majority relies, although it never mentions it, is Oregon Constitution Article I, section 11, which provides:

"In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel * * *."

This right to be heard, while important, is not so important that it stands above all other rights, rules, laws and practices. For example, none would argue (I hope) that it includes the right of a defendant to be abusive toward the court, opposing counsel, a witness or the jury, or otherwise to disrupt the proceedings. A defendant who engages in this kind of conduct surely waives the right.

While there is no jurisprudence from this state establishing the proposition for which I argue with respect to Article I, section 11, other precedent seems to validate it. For a vivid example, one may look to the law relating to another provision applicable to criminal trials, Oregon Constitution Article I, section 9. While a person may have the right under that provision to be free from unreasonable searches and seizures (and from the use against him in a criminal trial of evidence obtained by such a search or seizure), the person may be required to assert that right in a timely manner prior to trial or he will be deemed to have waived it. ORS 133.673(1); ORS 135.037(1); *cf. State v. Madison,* 290 Or 573, 576 n 2, 624

P2d 599 (1981) (recognizing the principle of timeliness in the statutes). There is nothing in the language of Article I, section 11, that suggests that provision, unlike others, is so absolute that it may not be subject even to reasonable regulations as to its exercises. I would never so hold. To my mind, ORS 135.445 is a reasonable regulation of the trial process that does not compel a defendant to do anything — he is not even required to testify to an alibi after he has given notice of it, and he may not be cross-examined or otherwise held responsible for the notice if he does not testify. That is enough.

The opinion for the majority, having conjured but not analyzed the spectre of Article I, section 11, flees from it by torturing the clear language of ORS 135.445 to find within that statute a limitation on its scope that was not intended by the legislature and is not needed to preserve constitutional rights.

I dissent.